VICEY TAYLOR, Adm'x, v. THE CRANBERRY IRON AND COAL COMPANY.

*Statute of Limitation—Injury Causing Death.*

1. The action for damages for an injury resulting in death, given by §1498 of The Code, must be brought within one year after the death of the injured person, or it will be barred.

2. The provision of this statute, limiting the time within which the action must be brought, is not a statute of limitations. The statute confers a right of action which did not exist before, and it must be strictly complied with. As there is no saving clause as to the time of bringing the action, no explanation as to why it was not brought will avail.

CIVIL ACTION, tried before *Avery, Judge,* at Fall Term, 1885, of the Superior Court of MITCHELL county.

This action was begun on the second day of November, 1883. The plaintiff alleges in the complaint, that she is the widow of Nelson Taylor, deceased ; that in his life time, her said late husband was employed by the defendant to work in its iron mine, and while so at work on the 13th day of August, 1881, he was killed by the falling in of a large mass of stone, in the tunnel way, occasioned by the alleged carelessness, neglect and wrongful act of the defendant, in failing to properly guard against such casualty, as it was bound to do, &c.

The defendant answers, and pleads that this action was not begun " within one year after the death of the said husband," &c.

Upon the pleadings, the Court held that the plaintiff could not recover, and gave judgment for the defendant, and the plaintiff appealed.

No counsel for the plaintiff.
*Mr. Samuel F. Mordecai,* for the defendant.

MERRIMON, J. (after stating the facts).    The action is brought under The Code, §1498, which provides, that "whenever the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors, shall be liable to an action for damages, to be brought within *one year after* such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing death, amount in law to a felony."

This is not strictly a statute of limitation.    It gives a right of action that would not otherwise exist, and the action to enforce it, must be brought within one year after the death of the testator or intestate, else the right of action will be lost.    It must be

accepted in all respects as the Statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun.

The nature of the cause of action, when it occurred, and when this action began, plainly appeared from the complaint and summons, and as more than one year elapsed after the death of the intestate, and before the bringing of the action, it is clear it cannot be maintained, and the judgment must therefore be affirmed.

No error. Affirmed.