CLARK, C. J., dissenting.
APPEAL by defendant from Allen, J., at November Term, 1921, (182) of WILSON.
Civil action to recover damages for an alleged negligent injury and wrongful killing. From a verdict and judgment in favor of plaintiff, the defendant appealed.
The following statement of the case will suffice for our present decision: *Page 195 
The plaintiff's intestate, I. M. Williamson, was employed as a carpenter by the Atlantic Coast Line Railroad Company, and on 16 August, 1915, "while making investigation as to how to repair a section of the steps of a coal chute" at South Richmond, Va., he (183) received injuries from which he died three days thereafter, 19 August.
On 15 May, 1916, plaintiff instituted suit in the Superior Court of Wilson County, North Carolina. Complaint was duly filed, specifically setting up a cause of action based on the Federal Employers' Liability Act, and alleging that, at the time of the injury, both the plaintiff's intestate and the Atlantic Coast Line Railroad Company were engaged in interstate commerce. The defendant answered, denying liability, and further alleging that plaintiff's intestate, while in its employ, was not engaged in any work of interstate commerce. In deference to this denial and allegation, the plaintiff thereafter, on 28 June, 1917, more than twenty-two months after the death of the decedent, upon motion and over defendant's objection, was permitted to set up, by way of amendment to the original complaint, an additional or new cause of action, based on a statute of the State of Virginia, giving a right of action for wrongful death. Upon motion of defendant, the case was then removed to the District Court of the United States for the Eastern District of North Carolina; and thereafter, in said District Court, the defendant answered, setting up that the cause of action based on the Virginia law had expired by the very terms of the Virginia statute, since the complaint showed on its face that plaintiff's intestate died on 19 August, 1915, more than twelve months prior to the filing of said amendment. The act invoked and upon which the amendment is based provides that "Every such action shall be brought by and in the name of the personal representative of such deceased person, and in twelve months after his or her death." Pollard's Code of Virginia, 1904, sec. 2903.
It was held in the Federal District Court that the complaint had set out two causes of action: one based on the Federal Employers' Liability Act and the other on the statute of the State of Virginia; and further, that the latter cause of action had not been instituted within twelve months after decedent's death, and was therefore barred by the Virginia statute. The plaintiff then, and in said District Court of the United States, on 11 June, 1918, suffered a voluntary nonsuit upon the cause of action based on the Virginia statute. The original cause was then remanded to the Superior Court of Wilson County for trial.
Thereafter, on 12 May, 1919, within twelve months after the judgment of nonsuit in the United States District Court, as above set out, *Page 196 
and while the original suit was still pending, the plaintiff issued a new summons against the defendant herein, and on 25 June, 1919, following, filed his complaint setting out two causes of action in identically the same language as that used in the complaint and amendment thereto filed in the original suit. The defendant, on 20 February, 1920, (184) filed answer to the complaint in this second action, but made no objection to the plaintiff prosecuting two separate and independent suits in the same court at the same time with pleadings exactly alike.
At the Fall Term, 1919, of Wilson Superior Court, the original suit, based on the Federal Employers' Liability Act, was called for trial. A judgment as of nonsuit was entered upon the ground that plaintiff himself was not engaged in work of the character of interstate commerce at the time of his injury. This was affirmed on appeal, and is reported in178 N.C. 558. The plaintiff then applied to the Supreme Court of the United States for a writ of certiorari to have said judgment reviewed, which said writ was denied in the summer of 1920.
Subsequently, at the May Term, 1921, of Wilson Superior Court, the case at bar was called for trial; and the defendant's plea in bar and motion to dismiss were overruled; from which ruling the defendant appealed to this Court, but said appeal was dismissed as premature. Capps v. R. R.,182 N.C. 758.
Finally, at the November Term, 1921, of Wilson Superior Court, this case again came on for trial, and was heard before his Honor, Allen, J., and a jury. Upon motion of the defendant, his Honor dismissed the cause of action based on the Federal Employers' Liability Act, for that all the matters and things therein set out and complained of had been fully adjudicated and previously determined. The defendant also moved to dismiss plaintiff's second cause of action, based on the Virginia statute, upon the ground that the same had not been set up or begun within one year from the death of plaintiff's intestate, and that the action could not, therefore, be maintained. This motion was overruled, and the cause submitted to a jury, which resulted in a verdict for the plaintiff. From the judgment rendered thereon, defendant appealed.
The theory upon which his Honor below allowed a recovery herein is set out in the judgment of the Superior Court as follows:
"The defendant, in apt time, renewed its motion heretofore made to dismiss the complaint as to the second cause of action, which is laid under the statutes of the State of Virginia, as appears in the complaint, for that the said second cause of action is a new cause of action, and not a mere amendment to the original complaint, and that the same not *Page 197 
having been filed within one year after the death of decedent, is barred by the statute. The court overruled this motion, holding as a matter of law that the cause of action set out in the three pleadings of the plaintiff,viz., the original complaint filed in the first suit, the alleged amendment thereto, and the complaint filed in the second suit, is one and the same, and submitted the issued to the jury upon the second cause of action. The defendant duly excepted."
The complaint in the first suit was based on the Federal Employers' Liability Act. The amendment to the complaint, filed in (185) that proceeding, set up a cause of action based on the Virginia law. The judge of the United States Court, ruling on defendant's plea in bar, held that the cause of action, based on the Virginia statute, had not been instituted within twelve months after decedent's death, and hence was barred by the limitation contained in the statute under which it was brought. After this ruling, the first suit proceeded to final judgment without further amendment, and resulted in a judgment of nonsuit, as heretofore noted.
The present suit, as shown by the record, was instituted 12 May, 1919, more than three years after Williamson's death. Speaking to the question as to when suit must be brought, under the Virginia statute, the Supreme Court of that State, in Dowell v. Cox (Va.), 62 S.E. 272, held: "That when the declaration in an action for death by wrongful act shows on its face that the death occurred more than twelve months before action brought, advantage may be taken of the limitation by demurrer. This conclusion is clearly correct, because, in such cases, the limitation affects the right as well as the remedy." And to like effect is the holding of the same Court inManuel v. Norfolk W. Ry. Co., 99 Va. 188. Our own decisions, dealing with a similar statute, are in full accord with the doctrine announced in the Virginia cases. In Taylor v. Iron Co., 94 N.C. 525, referring to the limitation contained in the North Carolina statute which allows a recovery for wrongful death, it was said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it."
The cause of action sought to be enforced in this proceeding was not known at the common law. It was essential, therefore, that it should be based on some applicable statute. There was a Virginia statute on the subject, and also the Federal Employers' Liability Act. But these two laws dealt with different kinds of commerce, and occupied different *Page 198 
though contiguous spheres. St. Louis, etc., R. Co. v. Seale, 229 U.S. 156. If the Federal statute were applicable, the State statute was excluded by reason of the supremacy of the former law. Michigan C. R. Co. v.Vreeland, 227 U.S. 59; Renn v. R. R., 170 N.C. 128, and cases there cited. "Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling, and a recovery could not have been had under the common or statute law of the State; in other words, the Federal act would have been exclusive in its operation, not merely cumulative." Wabash R. Co. v. Hayes, 234 U.S. 86. Conversely, if the State statute were applicable, the (186) Federal law was not pertinent. Mondou v. R. R., 223 U.S. 1. "There can be no doubt that a right of recovery under the Federal act arises only where the injury is suffered while the carrier is engaged in interstate commerce and while the employee is employed by the carrier in such commerce." R. R. v. Behrens, 233 U.S. 473. The two statutes, Federal and State, operated in different fields, the one in interstate commerce and the other in intrastate commerce, and each was controlling and exclusive in its respective field of operation. The plaintiff, at first, elected to sue under the Federal Employers' Liability Act, and specifically alleged a cause of action arising thereunder. He failed to prove his case as laid in interstate commerce. Capps v. R. R.,178 N.C. 558. His second cause of action, based on the Virginia statute, was not pleaded or set up until more than twenty-two months after the death of his intestate. This right of action was therefore barred at that time, or rather lost, as it did not extend beyond the period fixed in the statute. Phillips v. Grand Trunk, etc., Co., 236 U.S. 662.
"There can, of course, be no doubt of the general principle that matters respecting the remedy — such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations — depend upon the law of the place where the suit is brought. But matters of substance and matters of procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is brought is treated as pertaining to the remedy. But this is not so, if by the statute giving the cause of action, the lapse of time not only bars the remedy, but destroys the liability." Central Vermont Ry. Co. v. White,238 U.S. 507.
It follows, therefore, that under the Virginia law, suit must be brought within one year from the death, or else the liability and right of action cease to exist, and this was not done in the case at bar. Dowell v. Cox,supra.
But passing over, for the present, any question as to whether plaintiff had the right to institute this action while another suit between the *Page 199 
same parties and arising out of the same inquiry (if it be "one and the same" cause of action) was pending in the same court, the fact remains that the first reference made by plaintiff to the Virginia statute in any complaint, or amendment thereto, was the amendment to the original complaint, which amendment was allowed, over defendant's objection, on 28 June, 1917, more than twelve months after the death of Williamson. Hence, on 28 June, 1917, when plaintiff for the first time set up an action under the Virginia statute, by the terms of which alone he could proceed, he was too late by more than ten months.
Clearly, there were two causes of action set up and alleged by the plaintiff. A change from the one to the other not only involved (187) a change from fact to fact — from interstate to intrastate commerce — but also a change from law to law — from the Federal to the State statute. Union Pac. R. Co. v. Wyler, 158 U.S. 285. Thus the amendment filed in the original proceeding, alleged a new and independent cause of action, and was therefore a departure from the initial pleading. "A departure may be either in the substance of the action or defense, or the law on which it is founded; as if a declaration be founded on the common law, and the replication attempt to maintain it by a special custom, or act of Parliament." 1 Chitty on Pleading, pp. 674, 675.
It is the general rule, and consistently held with us, that a new cause of action may be introduced by way of amendment to the original pleadings; but the established limitation on the operation of its relation to the commencement of the suit is that if the amendment introduce a new matter, or a cause of action different from the one first propounded, and with respect to which the statute of limitations would then operate as a bar, such defense or plea will have the same force and effect as if the amendment were a new and independent suit. King v. R. R., 176 N.C. 301;Belch v. R. R., 176 N.C. 22; McLaughlin v. R. R., 174 N.C. 182; R. R. v.Dill, 171 N.C. 176, and cases there cited; Deligny v. Furniture Co.,170 N.C. 197; Fleming v. R. R., 160 N.C. 196, and Union Pac. Ry. Co. v.Wyler, supra.
The case of Mitchell v. Talley, 182 N.C. 683, contains nothing which would tend to militate against our present decision. The question there presented was whether an attachment would lie in an action for injury to the person resulting in death. We held that it would, under the broad and comprehensive terms of the sections of the Consolidated Statutes relating to attachments. The two cases are scarcely related; they are easily distinguishable.
But conceding, for the sake of argument, that by eliminating or treating as surplusage the allegation touching the subject of interstate commerce *Page 200 
in the original complaint, and holding that, without this allegation, it may be considered as containing a defective statement of a good cause of action under the Virginia law, subject to be cured by amendment, under authority of Lassiter v. R. R., 136 N.C. 89; yet, even in this event, the plaintiff is confronted with an insurmountable obstacle under the terms of the Virginia statute with respect to the institution of a second suit after the abatement or dismissal, without a determination of the merits of the previous action. In this respect, the Virginia law is different from the law of North Carolina. Sec. 2903, Pollard's Code of Virginia, already mentioned, further provides: "But if any such action is brought within said period of twelve months after said party's death, and for any cause abates or is dismissed (188) without determining the merits of said action, the time said action is pending shall not be counted as any part of said period of twelve months, and another suit may be brought within the remaining period of said twelve months as if such former suit had not been instituted."
It will be noted that, under the terms of this statute, the plaintiff is not given twelve months after the abatement or dismissal, without a determination of the merits of the first suit, within which to bring his second action, but only the remaining period of the twelve months which had not elapsed prior to the filing of the first suit; or, in other words, the time during which the first suit is pending is not to be counted in determining the period of twelve months from the date of decedent's death. This being the correct interpretation of the Virginia law, as declared by the Supreme Court of that State, it will be observed that the plaintiff did not start his first suit until nearly nine months after the death of his intestate. Then, on 11 June, 1918, he voluntarily submitted to a judgment of nonsuit on his second cause of action, or the one set up under the Virginia statute. Regardless as to how we may treat the allegations of the original complaint, with respect to this cause of action, they were clearly withdrawn for any such purpose when the plaintiff was nonsuited upon his own motion. He then had only three months and three days within which to bring another suit — eight months and twenty-seven days having elapsed before the institution of the first suit; and his second action, which is the case at bar, was not instituted until 12 May, 1919, eleven months and a day after his voluntary nonsuit of the Virginia cause of action in the Federal Court. This was too late, as declared by the Supreme Court of Virginia in the case of Manuel v. Norfolk W. Ry. Co., supra.
Applying the above principles to the facts of the instant case, we think it is clear that the plaintiff's recovery must be denied and the *Page 201 
action dismissed. There appears to be no logical basis upon which it may be sustained.
Action dismissed.