This was a civil action for wrongful death, heard upon complaint and demurrer. The complaint alleged that plaintiff's intestate, John J. George, died on 16 September, 1932, as a result of collision between the automobile in which the plaintiff's intestate was riding and a passenger train owned and operated by the defendants. The scene of the collision was approximately one mile south of the town of Kings Mountain. At this point the railroad of the defendants is double-tracked so that all southbound traffic moves on the westerly track and all northbound traffic on the easterly track. At the point of collision these tracks are intersected by a public road which turns off from Highway No. 29 and intersects the railroad at grade. The railroad tracks run approximately east and west. It was alleged that there are certain obstructions south of the crossing "rendering it difficult to see from said highway the approach of the train from the south until it gets within about 500 feet of said crossing." It was also alleged that there were certain freight cars standing on a spur track near a cotton mill situated on the south side of the crossing, and that all of these obstructions interfered with the vision of a traveler, so that, as alleged, "it was impossible to see the approach of a train from the south by anyone crossing said railroad tracks from west to east until such person was practically upon said railway tracks, and difficult to see such train in its approach from the south until said train was within 500 feet of said crossing."
At the time of the accident plaintiff's intestate was riding as a guest in an automobile owned by the defendant George B. Sorrells, and the same was under the exclusive control of said defendant. The automobile approached the crossing, headed east. It was alleged "that the said George B. Sorrells approached said railway tracks at a reckless rate of speed without taking any due caution as to the danger in approaching said railway tracks, and without giving plaintiff's intestate any opportunity whatsoever to stop, look, and listen, or to take note of any danger that might exist by reason of entering upon said railway tracks at said *Page 459 
crossing, . . . and that by reason of the fact that he had no control over the driving of said automobile of the defendant George B. Sorrells, plaintiff's intestate was utterly unable to protect himself at all. . . . That the defendant George B. Sorrells recklessly and wantonly drove his said automobile, in which plaintiff's intestate was riding with him, upon the first or west sidetrack of said railway, . . . and when upon said tracks they saw for the first time a fast passenger train, owned and operated by the defendants, . . . approaching from the south at a high and dangerous rate of speed, to wit, a speed of about 60 miles per hour; that at the moment plaintiff's intestate and the said George B. Sorrells observed the said train approaching said crossing, as hereinbefore described and alleged, the said George B. Sorrells, defendant, recklessly, excitedly, and wantonly undertook to accelerate his automobile and drive it across the eastern track of said railway, . . . and in so doing the engine of said railway company . . . struck the rear end of said automobile . . . and caught the body of plaintiff's intestate on the extended parts of the right side of said engine or locomotive, and carried the body of plaintiff's intestate for a distance of about 90 feet, . . . with such violence . . . that he died almost immediately."
It was further alleged that the death of plaintiff's intestate was caused "solely and proximately by the negligence of defendant George B. Sorrells and the negligence of defendant Railway Company, severally and concurrently. . . ."
The defendant Railway Company demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and that there was a misjoinder of both parties and causes of action.
The trial judge sustained the demurrer, and the plaintiff excepted and appealed.
The narrative of facts contained in the complaint and the picture painted therein classify this case within all the essential principles heretofore announced and applied in Ballinger v. Thomas and SouthernRailway, 195 N.C. 517, 142 S.E. 761. Of course, there are slight variations of fact between the Ballinger case and the case at bar, which might form the basis of nice legal distinctions and metaphysical reasoning; nevertheless, in all practical aspects the Ballinger case is decisive.
Affirmed. *Page 460