PEARL M. GEORGE, ADMINISTRATRIX OF JOHN J. GEORGE, DECEASED, v. ATLANTA AND CHARLOTTE AIRLINE RAILWAY COMPANY, SOUTHERN RAILWAY COMPANY, AND GEO. B. SORRELLS.

(Filed 29 April, 1936.)

1. **Appeal and Error L d—**

The decision of the Supreme Court on a former appeal constitutes the law of the case, and may not thereafter be attacked in subsequent proceedings.

2. **Death B a: Limitation of Actions B g—Where complaint fails to state cause of action, amendment constitutes a new action.**

It was determined on a former appeal that plaintiff's complaint in this action for wrongful death failed to state a cause of action against the corporate defendants. Thereafter plaintiff was allowed to amend his complaint. *Held:* The amendment constituted a new action so far as the corporate defendants are concerned, and it appearing upon the face of the record that more than one year had elapsed between the accrual of the cause of action and the filing of the amended complaint, the demurrer of the corporate defendants was properly sustained, the action against them not having been instituted within the limitation prescribed by C. S., 160. The distinction between the defective statement of a good cause of action and the statement of a defective cause of action is pointed out.

3. **Same—**

The fact that an action for wrongful death is not instituted within the limitation prescribed by C. S., 160, may be taken advantage of by demurrer when the dates appear as a matter of record.

APPEAL by plaintiff from *Finley, J.,* at December Term, 1935, of GASTON. Affirmed.

Action for wrongful death alleged to have resulted from a collision between an automobile in which the plaintiff's intestate was riding and a passenger train of defendants, railway companies.

Plaintiff alleges that the death of her intestate was caused by the joint negligence of defendants, railway companies, and George B. Sorrells, driver of the automobile. Defendants, railway companies, demurred to the amended complaint, and from judgment sustaining the demurrer and dismissing the action as to the corporate defendants, the plaintiff appealed.

*S. R. McClurd, E. R. Warren, and Tillett, Tillett & Kennedy for plaintiff.*
*Clyde R. Hoey, Geo. B. Mason, and Richard C. Kelly for defendants.*

DEVIN, J. The facts alleged in the complaint sufficiently appear in the report of this case on a former appeal (*George v. R. R.,* 207 N. C., 457) and need not be restated.

The chronology of the case as shown by the record before us seems to be as follows: The death of plaintiff's intestate is alleged to have occurred 16 September, 1932. This action was instituted 24 August, 1933. Demurrer of the corporate defendants to the original complaint was heard at July Term, 1934, of Gaston Superior Court and was sustained. Upon appeal to this Court, Fall Term, 1934, the ruling of the Superior Court was affirmed (opinion filed 12 December, 1934). Thereafter, at July Term, 1935, plaintiff was granted leave to amend her complaint and the amendment to the complaint was filed 9 August, 1935.

The decision on the former appeal in this case was based on the authority of *Ballinger v. Thomas,* 195 N. C., 517, and that decision must be held to be controlling. It has become the law of the case, and its correctness is not now open to debate.

The result of that decision was the holding that the plaintiff had not stated a cause of action against the railway companies. It was not a defective statement of a good cause of action; it did not state facts sufficient to constitute a cause of action.

It follows, therefore, that an amendment to the complaint, if it be good and available, would relegate the plaintiff to the position of having thereby for the first time stated a cause of action against the demurring defendants; and since it was not filed until August, 1935, nearly three years after the death of the intestate, plaintiff's right of action under the amended complaint cannot be maintained. C. S., 160. Dates which appear as a matter of record may properly be considered by the court upon a demurrer. *Harper v. Bullock,* 198 N. C., 448. And the fact that the action now sought to be maintained on the amended complaint originated more than one year after the death of intestate can be taken advantage of by demurrer. *Capps v. R. R.,* 183 N. C., 181; *Taylor v. Cranberry Iron Co.,* 94 N. C., 525; and *R. R. v. White,* 230 U. S., 507.

In *Lassiter v. R. R.,* 136 N. C., 89, the Court points out the distinction between the defective statement of a good cause of action and the statement of a defective cause of action, but it was held in *Capps v. R. R., supra,* that an amendment introducing a cause of action which had not theretofore been stated, was demurrable if more than twelve months had elapsed from the death of intestate to the filing of such amendment.

We conclude, therefore, that the judgment sustaining the demurrer as to the corporate defendants must be affirmed.

Affirmed.