MAMIE E. WEBB, ADMINISTRATRIX OF THE ESTATE OF W. J. WEBB, v. G. J. EGGLESTON AND EARL LAWRENCE WILLIAMS.

(Filed 17 March, 1948.)

**1. Death § 3—**

Right of action for wrongful death is solely statutory, G. S., 28-173, and the action must be asserted in strict conformity with the statute.

**2. Death § 4—**

The requirement that an action for wrongful death must be instituted within one year after such death is an integral part of the action in the

nature of a condition precedent, and the lapse of the statutory time not only bars the remedy but destroys the liability.

**3. Same—**

It is incumbent upon plaintiff to show in evidence that his action for wrongful death was instituted within the time allowed.

**4. Actions § 8—**

An action is begun by the issuance of summons, but there must be a complaint filed in which the cause of action is stated.

**5. Actions § 9—**

Where an amendment to a complaint, or an amended complaint, introduces a cause of action or new matter not stated in the original complaint, it has the same force and effect as if the amendment were a new and independent cause.

**6. Same: Death § 4—**

Where demurrer is sustained to the complaint in an action for wrongful death, with leave to plaintiff to amend, and an amended complaint is thereafter filed, the action is instituted for the purpose of applying the provisions of G. S., 28-173, from the date the amended complaint was filed, since the action could not be maintained on the original complaint.

**7. Death § 4—**

The fact that the amended complaint stating for the first time a cause of action for wrongful death, is filed more than one year after the death of plaintiff's intestate, may be taken advantage of by demurrer.

SEAWELL, J., dissenting.

APPEAL by defendants from *Williams, J.,* September-October Term, 1947, WILSON. Reversed.

Civil action to recover damages for wrongful death.

On 25 July 1945 an oil truck belonging to defendant Eggleston and being operated by defendant Williams, collided with the rear end of a truck belonging to and being operated by plaintiff's intestate. As a result, plaintiff's intestate was killed.

On 9 July 1946 plaintiff instituted this action. Summons and complaint were duly served on defendants 10 July 1946.

At the February Term, 1947, defendants demurred to the complaint for that it fails to state a cause of action. The demurrer was sustained and plaintiff was allowed time "in which to plead over by way of amendment to the complaint." Plaintiff did not appeal. Instead, she, on 22 February 1947, filed an "amendment to complaint", setting forth in detail the alleged acts of negligence on the part of the defendants.

On 26 February 1947 defendants demurred for that (1) the amended complaint fails to allege any fact constituting negligence on the part of

the defendants; (2) the original complaint failed to state a cause of action and the amendment thereto was filed more than one year after the death of plaintiff's intestate, which fact appears of record and on the face of the complaint; and (3) there is no allegation in the original complaint or in the amendment thereto that this action was instituted within one year of the death of plaintiff's intestate.

At the June Term, 1947, Frizzelle, J., overruled the demurrer and defendants excepted.

The cause came on for hearing at the September-October Term. At the conclusion of the evidence for plaintiff, defendants moved to dismiss as in case of nonsuit. The motion was overruled and defendants excepted. The evidence offered by plaintiff tends to establish negligence but fails to show that this action was instituted within one year of the death of her intestate. The issues submitted were answered in favor of plaintiff. From judgment on the verdict defendants appealed.

*Connor, Gardner & Connor and Moore & Brinkley for plaintiff appellee.*

*Lucas & Rand for defendant appellants.*

BARNHILL, J. The defendants bring forward on this appeal their exception to the order of the court, entered at the June Term, 1947, overruling their demurrer to the amended complaint. Hence the merit of that exception, as well as the exception to the refusal of the court below to dismiss as in case of nonsuit, is presented for consideration.

The right to maintain an action for damages for wrongful death did not exist at common law. It was created by Chap. 39, Laws 1854-55, now codified as G. S. 28-173. *Hoke v. Greyhound Corp.*, 226 N. C., 332, 38 S. E. (2d), 105; *White v. Charlotte*, 212 N. C., 539, 193 S. E., 738; *McGuire v. Lumber Co.*, 190 N. C., 806, 131 S. E., 274; *Craig v. Lumber Co.*, 189 N. C., 137, 126 S. E., 312.

The right rests entirely upon this Act and must be asserted in conformity therewith. *Broadnax v. Broadnax*, 160 N. C., 432, 76 S. E., 216; *Hall v. R. R.*, 149 N. C., 108; *Hinnant v. Power Co.*, 189 N. C., 120, 126 S. E., 307; *Tieffenbrun v. Flannery*, 198 N. C., 397, 151 S. E., 857; *Brown v. R. R.*, 202 N. C., 256, 162 S. E., 613; *Whitehead & Anderson, Inc., v. Branch*, 220 N. C., 507, 17 S. E. (2d), 637; *Wilson v. Massagee*, 224 N. C., 705, 32 S. E. (2d), 335.

The personal representative of a deceased person whose death was caused by the wrongful or negligent act of another is granted the right to maintain an action for damages "to be brought within one year after such death." This requirement that the action must be instituted within one year is an integral part of the right in the nature of a condition

precedent. The right exists only during the twelve months next after death, at the end of which, if no action has been instituted, it ceases to exist. *Gulledge v. R. R.,* 148 N. C., 567; *Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586; *Neely v. Minus,* 196 N. C., 345, 145 S. E., 771; *Tieffenbrun v. Flannery, supra; McGuire v. Lumber Co., supra,* and cited cases; *Curlee v. Power Co.,* 205 N. C., 644, 172 S. E., 329. The lapse of the statutory time not only bars the remedy but destroys the liability.

Hence the timely institution of the action must be shown in evidence at the hearing. *Gulledge v. R. R., supra; Bennett v. R. R.,* 159 N. C., 345, 74 S. E., 883; *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529; *Hanie v. Penland,* 193 N. C., 800, 138 S. E., 165; *Neely v. Minus, supra; Mathis v. Mfg. Co.,* 204 N. C., 434, 168 S. E., 515.

An action is begun by the issuance of summons. But there must be a complaint filed in which a cause of action is stated. And we have consistently held that where an amendment to a complaint or an amended complaint introduces a cause of action or new matter not stated in the original complaint, it will have the same force and effect as if the amendment were a new and independent suit. *Capps v. R. R.,* 183 N. C., 181, 111 S. E., 533, and cited cases.

Of course a complaint filed in apt time under an order extending the time for filing the same as provided by statute relates back to the date of the summons. But such is not the case here. When the cause was called for hearing and after the pleadings had been read, the defendants interposed a demurrer *ore tenus.* The demurrer was sustained and there was no appeal. Thereupon the ruling that the complaint failed to state a cause of action became the law of the case. Thereafter the plaintiff was not entitled to maintain her action on the original complaint. She was compelled to rely on the complaint as amended and the date of its filing, under the rule stated, for the purpose of applying the provisions of G. S. 28-173, was the date the action was instituted.

A failure to amend after judgment sustaining the demurrer would have worked a dismissal. G. S. 1-131.

Applying this principle to a fact situation on all fours with the case at bar, *Devin, J.,* speaking for the Court in *George v. R. R.,* 210 N. C., 58, 185 S. E., 431, says: "It follows, therefore, that an amendment to the complaint, if it be good and available, would relegate the plaintiff to the position of having thereby for the first time stated a cause of action against the demurring defendants; and since it was not filed until August, 1935, nearly three years after the death of the intestate, plaintiff's right of action under the amended complaint cannot be maintained." See also *Capps v. R. R., supra.*

The fact that the amended complaint stating for the first time the cause of action now sought to be maintained was filed more than one

19—228

year after the death of plaintiff's intestate may be taken advantage of by demurrer. *Capps v. R. R., supra; Davis v. R. R.,* 200 N. C., 345, 157 S. E., 11; *George v. R. R., supra; Taylor v. Iron Co.,* 94 N. C., 525.

It follows that defendants' demurrer to the complaint as amended should have been sustained. Failing in that, defendants were, in the trial below, entitled to judgment as in case of nonsuit.

The situation here presented is unfortunate for the plaintiff. Even so, for us to undertake to give her relief against the positive facts appearing of record would necessitate a complete shift of position, not only as to the *George* and similar cases, but also as to a long line of decisions holding that the date of the introduction of new matter in a complaint is the date of the institution of the action for the purpose of determining the bar of a pleaded statute of limitations. For surely, if that rule does not apply in a case where time is of the essence of the cause of action and the right to recover, irrespective of a plea, it should not apply to a mere statute of limitations which relates only to the remedy and is not available to the defendant unless specifically pleaded.

The judgment below must be

Reversed.

SEAWELL, J., dissenting: The appeal brings sharply to the front what happened before Judge Frizzelle when the matter was before him upon defendants' first demurrer. Decision of this case definitely rests on a proper interpretation of his judgment, its intent and effect, and his power to allow the amendment which was made to the complaint. That neither the intent nor the effect of his order was to dismiss the action for failure to state a cause of action, is, I think, apparent from his statement of the nature of the objection and his action thereupon as found on page 3 of the record.

The objection to the complaint did not go to a defect in the cause of action, but only to its defective statement. The judgment thereupon did not dismiss the cause of action, but on the contrary, allowed an amendment. The demurrer was not general but was special—directed to a particular objection to the complaint, amendable on the face of the objection, and the judgment, *eodem modo,* authorized an amendment in that particular. *It did not go to the cause of action* but to a defect in its manner of statement.

A reading of the original complaint makes clear the propriety and the discretion in the court in permitting the amendment as clarifying or making more certain a merely defective statement of a good cause of action.

The complaint alleges that plaintiff's intestate was killed through the negligence of the defendant and states that the facts were as follows:

". . ., while the plaintiff's intestate was driving his truck from Wilson, N. C., towards Raleigh, N. C., in a prudent and careful manner on the right hand side of the highway approaching the town of Sims and on a straight and unobstructed section of said highway, the defendant's truck was so carelessly and negligently driven that it was run into and upon the rear end of plaintiff's intestate's truck, knocking the said intestate's truck along the highway for a considerable distance, throwing the said intestate out of his truck and upon the highway, killing said intestate and damaging and destroying said truck; and from the impact of the collision causing said plaintiff's intestate's truck to run off the highway some distance in an adjacent field."

The acts attributed to defendant, in their physical implication, spell negligence in any language, lay or legal, implying excessive speed, want of lookout, failure to apply brakes, at least.

Supposing the complaint to be merely defective in its statement of the cause of action,—is it amendable? Not only so, but that is enjoined by the statute, its propriety is urged by the courts, and it is familiar practice. G. S., 1-163, and annotations. The change in the system of pleading from common law to code is supposed to prevent technical defeat of justice by substituting for a baseless strictness a liberality which will promote trial on the merits. *Page v. McDonald,* 159 N. C., 38, 74 S. E., 642; *Bullard v. Johnson,* 65 N. C., 436, 438; *Cheatham r. Crews,* 81 N. C., 343, 345.

The plaintiff before Judge Frizzelle was in the same position as one who has alleged fraud in an action for deceit and has not stated the particulars, or facts constituting the fraud, and the sufficiency of the complaint has been challenged. If he elects to stand by his pleading, the court, in the exercise of its supervisory powers, may dismiss his action; if he desires to amend, that privilege, in the discretion of the court, is uniformly accorded him. The limitation of the power of the court to permit amendments to the complaint is that the court is without power to allow such amendment when the effect is to change the asserted cause of action into another, or add a new cause of action, or change the subject matter of the original action. *Lefler v. Lane,* 170 N. C., 181, 86 S. E., 1022; *Wilmington v. Board of Education,* 210 N. C., 197, 85 S. E., 767; 41 Am. Jur., 508, Sec. 310. From *Lefler v. Lane, supra,* I quote:

"Under the statutes regulating our present system of procedure, Revisal 1905, sec. 507 (now C. S. 547) *et seq.,* and numerous deci-

sions construing the same, the power of amendment has been very broadly conferred, and may and ordinarily should be exercised in furtherance of justice, unless the effect is to add a new cause of action or change the subject-matter thereof, and our cases on the subject hold that, *where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit.* *Gadsden v. Crafts,* 175 N. C., 358, 361, 95 S. E., 610; *McLaughlin v. R. R.,* 174 N. C., 182, 93 S. E., 748; *R. R. v. Dill,* 171 N. C., 176, 88 S. E., 144. 'It is expressly provided by statute that if a demurrer is filed the plaintiff may be allowed to amend.' C. S., 513." *Goins v. Sargent,* 196 N. C., 478, 481, 482, 146 S. E., 131. See G. S., 1-163.

The emphasis in the above quotation is supplied, but note its significance. It is in accord with 41 Am. Jur., 509, Sec. 315:

"Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading." *Fleischman Constru. Co. v. United States,* 70 U. S., 349; 70 L. ed. 624 (This bears on a statute similar to ours in respect to the condition that the suit must be brought within a year.)

In the instant case the plaintiff has never pursued any other cause of action or joined issue with another defendant.

What is the effect of such an amendment when made? What relation does it have to the elapse of the period during which the action must be brought? The theory that the one year of grace given by the statute to begin the action automatically dates from the filing of a complaint invulnerable on any ground works a supersession of the statutes cited and recognized liberal rules of civil procedure, and is definitely contrary to authority heretofore followed.

A civil action is begun by the issue of a summons. G. S., 1-88. The Court will take judicial notice of the summons to ascertain when the action was commenced, *Harrell v. Lumber Co.,* 172 N. C., 827, 90 S. E., 148, and it will be presumed to have issued at the time it bears.

The complaint when filed in accordance with the statute relates back to the issue of the summons. This much is conceded in the main opinion to be ordinarily true, but it is held that the case at bar forms an exception because the complaint was not *perfected* within the year following the death.

The conclusion reached by the Court rests on the authority of *George v. R. R.,* 210 N. C., 58, 185 S. E., 431; the same case reported in 207 N. C., 457; and *Ballinger v. Thomas and So. R. R.,* 195 N. C., 517, 142 S. E., 761. These cases form a triad to be studied together and are not in disagreement with the position I have taken. *All of them refer to defective causes of action dismissed upon demurrer and not within the power of the Court to renew by amendment.* The decisions in the two *George cases* rest upon the authority of the *Ballinger case.* In that case the complaint not only did not state a cause of action but it affirmatively negatived such a cause, and the opinion therein, by *Mr. Chief Justice Stacy,* said that the effect of the complaint was the same as to have stated a cause of action against the railroad company and then to have withdrawn it. The action against the railroad company was, therefore, dismissed. In *George v. R. R.,* 207 N. C., 457, where the situation in so far as insulated negligence was concerned, was so stated in the complaint as to exonerate the defendant and form an exact parallel with the situation in the *Ballinger case,* the brief opinion by *Justice Brogden* dismissed the action by a reference to the controlling authority of the *Ballinger case.* When the case came back here on appeal, in *George v. R. R.,* 210 N. C., 58, there had been an attempted amendment, but this Court, in an opinion by *Mr. Justice Devin,* dismissed the action on the ground that the former judgment of *Brogden, J.,* had become the law of the case. It is true that attention was called to the fact that the amendment was not made within one year after the alleged wrongful death; but the continuity of the relation back was broken by the former dismissal of the action for a defect going to the cause of action.

In *Capps v. R. R.,* 183 N. C., 181, 111 S. E., 533, the plaintiff brought his action in the State court under the Federal Employers' Liability Act and after it had been pending for more than a year after the wrongful death sought by amendment to substitute for the action created by this statute a cause of action under the State law. The opinion by *Mr. Chief Justice Stacy* held that the effect of the amendment would be to create a new cause of action and beyond the power of the Court to allow; again calling attention to the fact that the substituted cause of action had been asserted for the first time more than a year after the wrongful death.

All of these cases taken together are too disparate in legal principle, history and in factual conditions to be cited as authority for the position now taken in this decision. In all of them the judgment was final, going to the cause of action, and could not be renewed by an amendment. 41 Am. Jur., Pleading, Sec. 251. In the case at bar the amendment was within the power of the Court and the principle of relation back not

disturbed.   41 Am. Jur., Pleading, Sec. 315; *Gadsden v. Crafts,* 175 N. C., 358, 361, 85 S. E., 610.

The judgment of nonsuit should be reversed and the case sent back for a trial on the merits.