MRS. JAMES R. STAMEY, JR., ADMINISTRATRIX OF THE ESTATE OF JAMES R. STAMEY, JR., DECEASED, PLAINTIFF, v. RUTHERFORDTON ELECTRIC MEMBERSHIP CORPORATION, DEFENDANT, AND BRAWLEY CONSTRUCTION COMPANY, ADDITIONAL DEFENDANT.

(Filed 29 October, 1958.)

1. **Negligence § 16—**
    The three year statute of limitations applies to a cause of action to recover for personal injuries negligently inflicted.  G.S. 1-52(5).

2. **Pleadings § 22—**
    Even though the complaint in an action to recover for negligent injury fails to state facts sufficient to constitute a cause of action, an amendment, supplying the deficiency by alleging relevant facts connected with the transactions forming the subject of the original complaint, may be permitted under G.S. 1-163, no statute of limitations being involved; an order of the court striking the amendment as not permissible and sustaining demurrer to the complaint is error.

3. **Death § 4—**
    Under the 1951 amendment to G.S. 28-173 the two year statute of limitations is applicable to actions for wrongful death, G.S. 1-53(4), and such limitation is no longer a condition annexed to the cause of action but an ordinary statute of limitations.

4. **Limitations of Actions § 11—**
    An amendment introducing a new cause of action does not relate back, and the bar of the statute of limitations must be computed as of the time of filing the amended pleading rather than the time the action was insti-

tuted, irrespective of whether the limitation is a condition annexed to the cause of action or an ordinary statute of limitations.

**5. Same—**

Where the original complaint fails to state facts sufficient to constitute a cause of action, an amendment supplying the deficiency constitutes a new cause of action for the purpose of computing the bar of the statute of limitations.

**6. Pleadings § 3a—**

A cause of action consists of the facts alleged in the complaint. G.S. 1-122.

**7. Appeal and Error § 60—**

A holding on a former appeal that the complaint as then drawn failed to state a cause of action becomes the law of the case.

**8. Death § 4—**

Where the complaint in an action for wrongful death fails to state a cause of action, an amendment thereafter filed, supplying the deficiencies, constitutes a new cause of action, and the two year statute of limitations must be computed from the date of death until the filing of the amendment.

**9. Limitation of Actions § 15—**

The contention that an amendment constituting a new cause of action was filed after the bar of the statute of limitations was complete cannot be raised by demurrer or motion to strike, but can be presented only by answer. G.S. 1-15.

PARKER, J., not sitting.

APPEAL by plaintiff from *Pless, J.,* June 2, 1958, Schedule B Regular Civil Term, of MECKLENBURG.

On former appeal, the demurrer interposed by defendant in this Court to the amended complaint was sustained. Reference is made to the statement of facts in *Stamey v. Membership Corp.,* 247 N.C. 640, 101 S.E. 2d 814, for the particulars as to prior proceedings in the case, and to the opinion of *Parker, J.,* for a full summary of the allegations of the amended complaint. ("Defendant," as used herein, refers to Rutherfordton Electric Membership Corporation, the original defendant.)

On March 20, 1958, Judge Craven, in his discretion, allowed plaintiff's motion of March 7, 1958, and granted leave to plaintiff to amend her amended complaint. By amendments filed pursuant to Judge Craven's order, plaintiff (1) deleted the allegations of paragraph 11 of each cause of action and substituted therefor new allegations relating to what occurred on the occasion of her intestate's injury, and (2) added to each cause of action a new sub-paragraph, "12(j)," therein alleging, *inter alia,* that defendant "did inform and advise the

plaintiff's intestate that the current on the occasion and at the place in question, in the old energized, 'live' and uninsulated wire, had been cut off, but . . . nevertheless did carelessly and negligently fail to cut off the high voltage of current, . . ."

Defendant then filed its "DEMURRER AND MOTION TO STRIKE," directed to the amended complaint, as amended in March, 1958, the ground of objection being that it did not state facts sufficient to constitute a cause of action. Defendant set forth, *inter alia*, the following: "5. The matters appearing in paragraph 11 as amended and paragraph 12(j) as amended constitute new matter and it affirmatively appears from the allegations of the complaint that more than two (2) years elapsed between the accrual of the cause of action of the plaintiff and the pleading of such allegations and the same are barred by the statute of limitations."

After hearing thereon, Judge Pless entered an order containing these provisions:

". . . In paragraph 12(j) of the amendment the plaintiff for the first time, and more than two years after the death of plaintiff's intestate, seek (sic) to inject into the case a completely new element of negligence by now alleging that the defendant advised the plaintiff's intestate that the current on the live wire had been cut off and that this had not been done. The Court is of the opinion that such amendment is tardy and the motion of the defendant to strike said paragraph 12(j) is therefore allowed.

"The Court is of the opinion, and so holds, that the remaining portions of the amendment to the Amended Complaint are not sufficient to overcome the deficiencies stated by the Supreme Court, and accordingly the demurrer of the defendant to said pleadings is hereby sustained.

"The plaintiff is allowed thirty days from this date in which to file such additional pleadings or amendments as she may be advised."

Preceding the quoted portions, the order of Judge Pless contains this statement: "Counsel for all parties and Judge Craven, himself, state that Judge Craven merely authorized the filing of said amendment without considering the merits and that in so doing he did not rule upon the propriety or legal effect of same."

Plaintiff excepted and appealed, assigning errors.

*Wm. H. Booe and Carswell & Justice for plaintiff, appellant.*

*Carpenter & Webb for defendant Rutherfordton Electric Membership Corporation, appellee.*

BOBBITT, J.  Plaintiff alleged, separately, two causes of action. Her first cause of action is for personal injuries suffered by her intestate

from his injury on February 22, 1956, until his death on February 26, 1956; and her second cause of action is for her intestate's wrongful death. *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585; *Hoke v. Greyhound Corp.,* 226 N.C. 332, 38 S.E. 2d 105.

We are of opinion, and so hold, that the amended complaint, as amended in March, 1958, states facts sufficient to constitute a cause of action. We need not determine whether the facts alleged in paragraph 11, as amended in March, 1958, standing alone, are sufficient to establish legal responsibility of defendant for the contact made with the "live" power line.

While the allegations *relating to defendant's negligence* are identical in both causes of action, both before and after the amendments of March, 1958, the legal significance of these amendments in relation to the first cause of action is different from their legal significance in relation to the second cause of action. Hence, each cause of action requires separate consideration.

1. *First cause of action.* The *three* year statute of limitations applies to this cause of action. G.S. 1-52(5). It appears affirmatively that the amendments of March, 1958, were filed within three years from the date of the intestate's injury. Hence, the question presented is whether these amendments were permissible under G.S. 1-163.

Unquestionably, the facts alleged in the amendments of March, 1958, are material to the case. They relate directly to plaintiff's right to recover from defendant on account of the intestate's injury on February 22, 1956, on the occasion referred to in plaintiff's prior pleadings. While, for reasons stated below, we are of opinion that plaintiff, in the amendments of March, 1958, for the first time stated facts sufficient to constitute a cause of action, the cause of action then stated embraces relevant facts connected with the transactions forming the subject of her prior pleadings. Hence, absent the bar of an applicable statute of limitations, such new cause of action may be introduced by way of amendment of plaintiff's prior pleadings. *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565; *Capps v. R. R.,* 183 N.C. 181, 111 S.E. 533.

The amendment approved in *Perkins v. Langdon, supra, filed within three years of the accrual of the cause of action,* permitted the plaintiff to allege (a) that the defendant covenanted not to sell the warehouse properties during the term of their three year lease, and (b) that he breached the covenant by selling after the end of the first year to a *bona fide* purchaser. It is noted that a demurrer *ore tenus* in this Court to the original complaint, which was silent as to the matters alleged in said approved amendment, had been sustained in *Perkins v. Langdon,* 231 N.C. 386, 57 S.E. 2d 407.

On authority of *Perkins v. Langdon, supra* (233 N.C. 240), and

cases therein cited, we hold that the court erred in striking paragraph 12(j) of the *first cause of action* and in sustaining the demurrer thereto.

2. *Second cause of action.* The two year statute of limitations applies to this cause of action. G.S. (Vol. 1A) 1-53(4); G.S. (Vol. 2A) 28-173, as amended by Ch. 246, Session Laws of 1951.

"In the absence of statute otherwise providing, the general rule is that an amendment introducing a new cause of action does not relate back to the commencement of the action, with respect to limitations, but is the equivalent of a new suit, so that the statute of limitations continues to run until the time of the filing of the amendment." 54 C. J. S., Limitations of Actions Sec. 281; 34 Am. Jur., Limitation of Actions Sec. 260. This is the established rule in North Carolina. *Capps v. R. R., supra,* and cases cited therein. While a statute of limitations was not involved in *Perkins v. Langdon, supra* (233 N.C. 240), it is noted that Johnson, J., quoting from *Capps v. R. R., supra,* recognized this limitation on the discretionary power of the court to allow amendments under G.S. 1-163.

It appears that the amendments of March, 1958, were filed more than two years from the date of the intestate's death. Nothing else appearing, this cause of action is vulnerable to a proper plea of the two year statute of limitations if plaintiff, in the amendments of March, 1958, for the first time stated facts sufficient to constitute a cause of action.

While, as indicated below, a statute of limitations may not be pleaded by demurrer, it seems appropriate, for the guidance of the court and of the parties in further proceedings, that we consider and pass upon whether the cause of action alleged in the amendments of March, 1958, is a new cause of action. In this connection, it is noted that this question was debated in the briefs and on oral argument on this appeal.

A cause of action consists of *the facts* alleged in the complaint. G.S. 1-122; *Lassiter v. R. R.,* 136 N.C. 89, 48 S.E. 642. The decision on former appeal, sustaining the demurrer to the amended complaint "for the reason that the amended complaint considered in its entirety fails to allege a case of actionable negligence proximately causing the injury to, and death of, plaintiff's intestate," became the law of the case. *George v. R. R.,* 210 N.C. 58, 185 S.E. 431; *Webb v. Eggleston,* 228 N.C. 574, 46 S.E. 2d 700; *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Robinson v. McAlhaney,* 216 N.C. 674, 6 S.E. 2d 517.

In *George v. R. R., supra,* and in *Webb v. Eggleston, supra,* demurrers had been sustained for the reason that the original complaints did not state facts sufficient to constitute causes of action. It was held that the amendments, if otherwise good and available, "would

relegate plaintiff to the position of having thereby for the first time stated a cause of action against the demurring defendants." Devin, J. (later C. J.), in *George v. R. R., supra,* quoted by Barnhill, J. (later C. J.), in *Webb v. Eggleston, supra.*

In *George v. R. R., supra,* referring to the original complaint, Devin, J. (later C. J.), said: "It was not a defective statement of a good cause of action; it did not state facts sufficient to constitute a cause of action."

"As a general rule, and in the absence of statute otherwise providing, where the original complaint or declaration states no cause of action whatever, an amendment made after the bar of the statute will not relate back, but will be regarded as the beginning of the action, in reckoning the statutory period of limitations." 54 C.J.S., Limitations of Actions Sec. 279 (b) ; *Marks v. St. Francis Hospital and School of Nursing,* 179 Kan. 268, 294 P. 2d 258; *Waddell v. Woods,* 160 Kan. 481, 163 P. 2d 348; *Bahr v. National Safe Deposit Co.,* 234 Ill. 101, 84 N.E. 717; *Fowler v. City of Seminole,* 202 Okla. 635, 217 P. 2d 513; *Murray v. McGehee,* 121 Okla. 248, 249 P. 700.

In *Ely v. Early,* 94 N.C. 1, cited by appellant, the original complaint stated facts sufficient to constitute a cause of action; and this Court held that the amendment "constituted a part of the plaintiff's cause of action at first alleged."

*George v. R. R., supra,* and *Webb v. Eggleston, supra,* are discussed and distinguished in *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43, where, upon the facts then considered, it was held (1) that the original complaint was not demurrable for failure to allege facts sufficient to constitute a cause of action, (2) that the amendment merely particularized prior general allegations of negligence, and (3) that the court was in error in sustaining the demurrer and in dismissing the action.

"The question whether an amendment of a pleading states a new cause of action is not affected by whether the statute involved is an ordinary statute of limitations or a limitation which goes to the existence of the right itself." 54 C. J. S., Limitations of Actions Sec. 279 (c), p. 324. In each instance, the ultimate determinative question is whether the amendment states a new cause of action.

But there is this distinction: In *George v. R. R., supra* and in *Webb v. Eggleston, supra,* decided when C. S. 160, later G.S. 28-173, prior to the amendments of 1951, was in effect, the one year limitation was an integral part of plaintiff's right of action, a condition precedent thereto. Accordingly, these actions were properly dismissed upon demurrer when it appeared affirmatively from plaintiff's pleadings that a cause of action was first stated more than one year after the death of the intestate. However, since the enactment of Ch. 246, Session Laws

of 1951, the time within which a wrongful death action may be commenced is not an integral part of the right of action or a condition precedent thereto but is an ordinary (two year) statute of limitations.

"The objection that the action was not commenced within the time limited can *only* be taken by answer." (Our italics) G.S. 1-15. It is not one of the grounds for demurrer specified in G.S. 1-127. "The statutes of limitations can never be taken advantage of by demurrer." *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320, and cases cited; *Moody v. Wike*, 170 N.C. 541, 87 S.E. 350, and cases cited. It is equally true that statutes of limitations cannot be taken advantage of by motion to strike.

Although the reasons therefor are different in respect of each separately stated cause of action, as indicated above, we reach the conclusion that, as to both causes of action, defendant's demurrer should have been overruled and its motion to strike denied. Hence, the order from which plaintiff has appealed is vacated and the cause remanded, with direction that an order be entered in conformity with the law as stated herein.

Order vacated and cause remanded.

PARKER, J., not sitting.