CARL HENRY ROBERTS v. COCA-COLA BOTTLING COMPANY
OF ASHEVILLE, INC.

(Filed 19 September 1962.)

**1. Limitations of Actions § 18—**

When the facts are admitted, the applicability of the statute of limitations becomes a question of law.

**2. Limitations of Actions § 12—**

Where an amendment is filed which introduces a new cause of action, the statute of limitations continues to run until the time of the filing of the amendment.

**3. Same—**

Where plaintiff obtains an extension of time to file complaint for a cause of action based on negligence, but instead files a complaint stating a cause of action for breach of warranty, the action for breach of warranty is instituted as of the time of filing the complaint and does not relate back to the time of entry of order extending the time for pleading.

APPEAL by defendant from *Martin, S.J.,* March, 1962 Special Term, BUNCOMBE Superior Court.

This civil action for damages was here on a former appeal reported in 256 N.C. 434. After the cause was remanded the superior court entered the following order:

"This cause coming on to be heard before the undersigned Judge Presiding over the Special March 1962 Civil Term of the Superior Court of Buncombe County, North Carolina, upon the plea in bar and motion to dismiss thereon contained in the Answer of the defendant, and the plaintiff having formally admitted in open Court that all of the facts and circumstances relating to the questions raised in the plea in bar are accurately set forth in the pleadings and record and no other grounds for tolling the statute of limitations in this case exists and the matter is solely a matter of law for the Court; and

"It thereupon appearing to the Court the questions now before the Court are: Whether (1) the plaintiff filed a complaint different in nature from that which he was authorized to do by his application and order; (2) whether the complaint actually filed was the beginning of a new action as of the filing date; (3) or whether the action implied warranty could be related back to the Summons and escape the plea of the statute of limitations?; and

"The Court being of the opinion and concluding as a matter of law (1) that the plaintiff's complaint was not different in nature

from that authorized in the application and order; (2) that the complaint actually filed did not constitute the beginning of a new action as of its filing date, but in fact (3) the action upon implied warranty related back to the Summons and thereby escaped the defendant's plea of the statute of limitations and that, therefore, the defendant's plea in bar and motion to dismiss based thereon should be overruled and denied.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the defendant's plea in bar based upon the statute of limitations and the motion to dismiss arising therefrom be and the same are hereby overruled and denied.

"This 22nd day of March 1962."
Defendant duly excepted and appealed.

*Williams, Williams and Morris, by Robert R. Williams, Jr., for defendant appellant.*
*Willson and Riddle, by Robert B. Willson for plaintiff appellee.*

HIGGINS, J. When the summons and order extending the time for filing the complaint were served, the defendant entered a special appearance and moved to quash the service and dismiss the action, contending the plaintiff's application and order failed to state the nature and purpose of the suit as required by G.S. 1-121. Before the hearing on the first motion, however, the defendant filed (conditionally) "Answer, including motion," denying the court had acquired jurisdiction over the defendant. However, the answer alleged the plaintiff's injury occurred August 8, 1958, and the plaintiff's cause of action based on breach of warranty was instituted on August 24, 1961, by filing the complaint; and that the lapse of more than three years barred recovery.

After this Court on the former appeal affirmed the order denying the motion to dismiss, a further hearing was held upon the complaint, answer, and admissions. The court overruled the plea of the statute of limitations and held as a matter of law (1) the plaintiff's complaint was not different in nature from that authorized in the application and order; (2) that the complaint actually filed did not constitute the beginning of a new action as of its filing date; (3) the action upon implied warranty related back to the summons and thereby escaped the defendant's plea of the statute of limitations.

The facts being admitted, the applicability of the statute of limitations became a question of law. The application and order extending the time to plead were, as previously decided, barely sufficient to enable the plaintiff to file a complaint stating a cause of action for

damages based on negligence. Such a complaint would relate back to the date of the summons. However, when the plaintiff failed to file a complaint based on negligence but elected to allege a cause based on breach of warranty, the new cause must be deemed to have been instituted on the date the complaint was actually filed. "In the absence of statute otherwise providing, the general rule is that an amendment introducing a new cause of action does not relate back to the commencement of the action, with respect to limitations, but is the equivalent of a new suit, so that the statute of limitations continues to run until the time of the filing of the amendment." . . . "In each instance the ultimate determinative question is whether the amendment states a new cause of action." *Stamey v. Membership Corp.,* 249 N.C. 90, 105 S.E. 2d 282; *George v. R.R.,* 210 N.C. 58, 185 S.E. 431; *Kinston v. R.R.,* 183 N.C. 14, 110 S.E. 645

No reason suggests itself why the rule should be different when a plaintiff obtains leave to file an action in tort, does not do so, but instead files one in contract. The action in contract is instituted when the complaint is filed. "The recovery must be based on the cause of action alleged. It cannot rest on a different legal right." *Wynne v. Allen,* 245 N.C. 421, 96 S.E. 2d 422.

For the reasons assigned, we hold the trial court should have entered judgment sustaining the plea of the statute of limitations and dismissing the action. The cause is remanded to the Superior Court of Buncombe County for the entry of such an order.

Reversed.