385 S.E.2d 812 (1989)
Helen KING, Individually and as Administratrix of the Estate of John Carrol King, Deceased, Plaintiffs,
v.
CAPE FEAR MEMORIAL HOSPITAL, INC., Joseph L. Soto, Administrator of Cape Fear Memorial Hospital, Inc., Dr. Oliver R. Hunt, Oliver R. Hunt, P.A., Carrol Johnson, C. Bullock and E. Kramer, Defendants.
No. 895SC263.
Court of Appeals of North Carolina.
November 21, 1989.
*813 Otho L. Graham and Wallace, Morehead City, Wallace, Morris, Barwick & Rochelle P.A., by Fitzhugh E. Wallace, Jr., Kinston, for plaintiff, appellant.
Ward and Smith, P.A. by Thomas E. Harris and C. David Creech, New Bern, for defendants, appellees Cape Fear Memorial Hosp. Inc., Joseph L. Soto, Carrol Johnson, M.D., and Elizabeth Kramer.
Yates, Fleishman, McLamb & Weyer by Dan J. McLamb, Raleigh, for defendants, appellees Dr. Oliver R. Hunt and Oliver R. Hunt, P.A.
HEDRICK, Chief Judge.
In her first assignment of error, plaintiff contends the trial court erred in granting defendants' motions to dismiss for failure *814 to state a claim under Rule 12(b)(6). She argues her claims were not barred by the applicable statutes of limitations because of the discovery exception for medical malpractice actions in G.S. 1-15(c) which provides in pertinent part:
Whenever there is bodily injury to the person ... which originates under circumstances making the injury ... not readily apparent to the claimant at the time of its origin, and the injury ... is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made....
Plaintiff, as administratrix of her husband's estate, attempted to bring a claim against defendants for wrongful death under G.S. 28A-18-1 based on alleged acts of medical malpractice. She argues that this claim, because it was based on acts of medical malpractice, was preserved by the discovery exception in G.S. 1-15(c). We disagree.
The cause of action for wrongful death did not exist at common law but is a right provided only by statute. Bell v. Hankins, 249 N.C. 199, 105 S.E.2d 642 (1959). Therefore, any action brought for wrongful death must be asserted in conformity with the applicable statutory provisions. Webb v. Eggleston, 228 N.C. 574, 46 S.E.2d 700 (1948). G.S. 1-53(4) imposes a two-year limitation period for bringing wrongful death claims beginning on the date of decedent's death. This statute, unlike G.S. 1-15(c), contains no discovery exception for latent or non-apparent injuries. As a result, plaintiff was required to bring her wrongful death claim within two years of the deceased's death. Because she did not do so, her claim was barred.
Plaintiff also argues her complaint alleges a personal cause of action for intentional infliction of mental distress which is not barred by the statute of limitations. She claims this cause of action was also preserved by the discovery exception in G.S. 1-15(c). This argument has no merit. Because it is not specifically denominated under any limitation statute, a cause of action for emotional distress falls under the general three-year provision of G.S. 1-52(5). The record in the present case indicates that any intentional tortious conduct by the deceased's treating physician (defendant Hunt) must have taken place on or before 27 August 1985 when the doctor was dismissed. Plaintiff's failure to file her complaint by 27 August 1988 therefore resulted in the loss of any potential claim for emotional distress. The discovery exception of G.S. 1-15(c), which by its terms concerns only acts or omissions constituting malpractice, does not apply to preserve actions for emotional distress.
Plaintiff additionally contends her complaint stated a claim for loss of consortium. Once again, however, her action is barred. Although the spouse of a deceased victim may maintain an action for loss of consortium due to the negligence of a third party, such an action is available only when it "is joined with any suit the other [deceased] spouse may have instituted to recover for his or her personal injuries." Nicholson v. Chatham Memorial Hosp. Inc., 300 N.C. 295, 304, 266 S.E.2d 818, 823 (1980). As stated previously, the only action available to plaintiff's deceased husband was one for wrongful death through his personal representative. Since that action was barred by the two-year statute of limitations, plaintiff's claim for loss of consortium was likewise precluded.
Finally, plaintiff complains the trial court erroneously refused to consider several affidavits offered by her in response to defendants' Rule 12(b)(6) motions. She claims the trial court considered "matters outside the pleadings" in ruling on the motions, thereby converting them to motions for summary judgment under Rule 56 and requiring the trial court to consider her affidavits. A motion to dismiss for *815 failure to state a claim is "converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." Stanback v. Stanback, 297 N.C. 181, 205, 254 S.E.2d 611, 627 (1979); Baugh v. Woodard, 56 N.C.App. 180, 181, 287 S.E.2d 412, 413, disc. rev. denied, 305 N.C. 759, 292 S.E.2d 574 (1982); North Carolina Rules of Civil Procedure, Rule 12(b). In addition to plaintiff's complaint, the trial judge considered the following in ruling on defendants' motions:
1) Plaintiff's motion to make more definite and certain and to delay hearing on defendant's Rule 12(b)(6) motion and memorandum and affidavit in support of motion,
2) Defendant's supplemental motion to dismiss for failure to state a claim, and
3) Defendants' response to plaintiff's motion to make more definite and certain the 12(b)(6) motions of defendants.
These materials constitute only requests, explanations, and arguments of counsel on both sides with respect to defendants' Rule 12(b)(6) motions. As such, they are not matters outside the pleadings within the meaning of Rule 12(b). Moreover, assuming arguendo that the trial court improperly refused to consider plaintiff's affidavits, such error was not prejudicial. The record establishes that all of plaintiff's claims were at least indirectly precluded by the statute of limitations. Such a bar is therefore insurmountable, notwithstanding any additional facts or arguments plaintiff's affidavits may have contained.
For the reasons stated, we hold the trial judge properly allowed defendants' motions to dismiss.
Affirmed.
ARNOLD and BECTON, JJ., concur.