E. HARRELL v. HILTON LUMBER COMPANY.

(Filed 11 October, 1916.)

**Limitation of Actions—Record—Date of Summons—Judicial Notice.**

Where the statute of limitations is relied on and the summons has not been introduced in evidence, the Supreme Court, taking judicial notice of facts and entries of record, will ascertain the date of the summons as it there appears.

CIVIL ACTION tried at January Term, 1916, of DUPLIN, before *Allen, J.,* upon these issues:

1. Did the defendant wrongfully and unlawfully cut and remove timber from the lands of the plaintiff, as alleged in the complaint? Answer: "Yes."

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: "$90."

From the judgment rendered, the defendant appealed.

*Stevens & Beasley for plaintiff.*
*E. K. Bryan and H. D. Williams for defendant.*

BROWN, J. This case involves the same controversies as the case of *L. H. Bradshaw v. Hilton Lumber Co.,* at this term, *ante,* 219, except the point at which the diameter is to be taken is fixed in the deed, and is governed by what is said in the opinion in that case. The only other assignment of error relates to the statute of limitations, pleaded by the defendant. It was admitted upon the argument that the summons was not read in evidence and that if the Court can take notice of the summons and look at it as a part of the record, then the statute of limitations does not bar a recovery. The summons was a part of the record which the Court will take notice of in order to ascertain when the action was commenced, as the courts will take judicial notice of facts and entries of record in the suit being tried. The point is decided against the defendant in *Harrington v. Wadesboro,* 153 N. C., 437.

No error.