J. B. MIDKIFF AND C. L. BRANNOCK, TRADING AS MIDKIFF & BRANNOCK, v. DIXIE FIRE INSURANCE COMPANY AND PALMETTO FIRE INSURANCE COMPANY.

(Filed 24 April, 1929.)

1. **Insurance K a—Knowledge of agent of violation of condition of policy after contract completed not imputed to insurer.**

Knowledge of the local agent of a fire insurance company that the insured kept explosives in his. stock of merchandise covered by the policy contract, will not be imputed to the principal, when such knowledge is acquired after the policy has been issued, and where a waiver has not been obtained according to specific provisions of the policy or otherwise sufficient in law, the forfeiture provision of the policy relating thereto will be enforced.

2. **Same—Evidence of knowledge of violation of condition at inception of policy.**

Evidence that merchandise of the class insured usually contained explosives is incompetent to show a waiver of the policy provisions making the policy void in such instances.

APPEAL by plaintiffs from *Clement, J.,* at August Term, 1928, of SURRY. Affirmed.

Two actions by the above named plaintiffs, one against the Dixie Fire Insurance Company, as defendant, and the other against the Palmetto Fire Insurance Company, as defendant, both pending in the Superior Court of Surry County, were, by consent, consolidated for trial.

From judgment of nonsuit in each action, plaintiffs appealed to the Supreme Court.

*E. C. Bivens for plaintiffs.*
*Brooks, Parker, Smith & Wharton for defendants.*

CONNOR, J. These actions were begun by plaintiffs to recover on Standard Fire Insurance Policies of North Carolina, issued by defend-

ants to plaintiffs. The policy issued by defendant, Palmetto Fire Insurance Company, is dated 26 August, 1926; the policy issued by defendant, Dixie Fire Insurance Company, is dated 13 September, 1926. Both policies of insurance cover a stock of merchandise, consisting principally of hardware, agricultural implements and machinery, cutlery, guns and pistols; trimmings, wooden ware, tin ware, belting, harness and leather goods, iron, nails, bicycles, furniture, house-furnishing goods, carpets, rugs, pictures, "and all other merchandise not enumerated, not more hazardous, usual to hardware and furniture trade or stores," while contained in a building located on lot No. 114, on the east side of Main Street, in the town of Mount Airy, North Carolina. The property insured by the said policies against loss or damage was destroyed by fire on 18 December, 1926.

At the date of said fire, in violation of a provision or condition contained in each of said policies, plaintiffs had and kept on the premises described in said policies, as part of the stock of merchandise insured thereby, dynamite and dynamite caps. There was no evidence at the trial tending to show that defendants or either of them had waived such violation in accordance with the terms of its policy or otherwise. Neither of the defendants had knowledge at the date of the issuance of its policy that plaintiffs at said date had or kept dynamite as a part of their stock of merchandise. There was no evidence tending to show that the local agent of either of the defendants, who countersigned and issued its policy had such knowledge, at the date of the issuance of the policy. Knowledge of such agents acquired after the policy became effective as the contract of the parties, and while such agents were not acting in behalf of their respective principals, cannot be imputed to defendants.

Knowledge of such agents, at the date of the issuance of the policies, that hardware merchants of Surry County, generally carry dynamite and dynamite caps in stock, even if it should be held that such knowledge should be imputed to defendants, would not be sufficient to sustain plaintiff's contention that each of the defendants, because of such knowledge, had waived the violation by plaintiffs of the condition in the policies with respect to the keeping of explosives. There would be no presumption of law or fact that hardware merchants of Surry County, who carry fire insurance on their stocks of merchandise generally violate a condition of their policies. The presumption would be rather that they procure agreements by the companies in writing added to the policies, by which the condition with respect to explosives is waived. Evidence tending to show that hardware merchants of Surry County generally carry dynamite and dynamite caps in stock was properly excluded upon defendants' objections.

This appeal involves the same question of law as that presented for decision in *Midkiff v. Insurance Co., ante,* 139. In that case there was evidence tending to show a waiver by defendant of the condition in the policy with respect to explosives. The judgment on the verdict was affirmed. In the instant case, there was no evidence tending to show that either of the defendants had waived this condition, in accordance with the provisions of the policies, or otherwise. Therefore the judgment dismissing each action as of nonsuit, must be

Affirmed.