LUMBER MUTUAL CASUALTY INSURANCE CO. OF NEW YORK v. CLARENCE WELLS ET AL.

(Filed 9 October, 1946.)

**1. Insurance § 9: Evidence § 39—**

Where a policy of insurance stipulates that it embodies all the agreements existing between insured and insurer or any of its agents, and that notice to the agent or any other person should not effect a waiver or

change of any part of the contract or estop the insurer from asserting any right unless endorsed thereon so as to form a part of the contract, *held* in the absence of prayer for reformation, evidence of knowledge of the agent relating to a stipulation excluding liability or limiting coverage of the policy would tend to vary the written instrument by parol, and an issue of knowledge of the agent is inadvertently submitted.

**2. Insurance § 43—**

A stipulation in a policy of liability insurance that the policy should not apply while the vehicle is used as a public or livery conveyance is not a condition working a forfeiture and subject to waiver, but an exclusion of liability or limitation on coverage.

**3. Insurance § 50: Judgment § 17b—**

Where, in an action on a policy of liability insurance, the verdict on the first issue establishes that the vehicle was being used as a public conveyance within the meaning of a provision of the policy excluding liability in such instance, a second issue as to knowledge of insurer's agent of such use, in the face of a stipulation in the policy that it contained all agreements between the parties and could not be varied by notice to any agent unless endorsed on the policy, is inadvertently submitted, and judgment in insurer's favor upon the verdict is not technically a judgment *non obstante veredicto* but is a judgment upon the first issue, the second issue being immaterial or surplusage.

APPEAL by defendants from *Grady, Emergency Judge,* at June Term, 1946, of WAYNE.

Proceeding for declaratory judgment to determine rights of parties under policy of liability insurance.

Following remand of the case at the Fall Term, 1945, reported in 225 N. C., 547, 35 S. E. (2d), 631, these issues were submitted to and answered by the jury:

"1. At the time of the collision referred to in the pleadings was the automobile described in said policy being used as a public or livery conveyance within the meaning of said policy? Answer: Yes.

"2. At the time said policy of insurance was issued by M. B. Andrews, Agent, and delivered to the defendant Wells, did the said M. B. Andrews have full knowledge of the fact that the automobile in question was to be used for transportation of passengers for hire to and from Seymour Johnson Field, as alleged in the answer? Answer: Yes."

Judgment on the verdict for plaintiff (the court disregarding the second issue as inappropriate since it runs counter to the terms of the policy and demand for reformation not being pressed), from which the defendants appeal, assigning errors.

*Langston, Allen & Taylor, A. J. Fletcher,* and *F. T. Dupree, Jr.,* for plaintiff, appellee.

*Rivers D. Johnson* for defendant *Wells,* appellant.

*J. Faison Thomson and J. T. Flythe for the other defendants, appellants.*

STACY, C. J.  Perhaps it should be noted that the original policy, which was before the court when the issues were submitted to the jury, has no rider attached to it, as was indicated on the former appeal.  Nor do the words, "passenger type," appear on the face of the policy.  This, however, is not material to the case.

It is provided in the contract of insurance that notice to any agent or other person "shall not affect a waiver or a change" in any part of the contract or "estop the company from asserting any right" under the terms of the instrument, unless endorsed thereon so as to form a part thereof; and further, "that this policy embodies all agreements existing between himself (the insured) and the company or any of its agents relating to this insurance."

In the face of these provisions, and the abandonment of the prayer for reformation, the trial court was justified in disregarding the second issue as it runs counter to the written stipulations of the policy, and the defendants are declaring on the policy as written.  Its submission to the jury was unnecessary, or inadvertent, as it rests upon parol evidence which varies or contradicts the terms of the written instrument.  *Insurance Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Potato Co. v. Jenette,* 172 N. C., 1, 89 S. E., 791.

The first issue establishes exclusion from liability under the provision: "This policy does not apply: (a) while the automobile is used as a public or livery conveyance."  The stipulation is not a condition working a forfeiture and subject to waiver, but an exclusion of liability or limitation on coverage.  *Mills v. Ins. Co.,* 210 N. C., 439, 187 S. E., 581; *McCabe v. Casualty Co.,* 209 N. C., 577, 183 S. E., 743; *Foscue v. Ins. Co.,* 196 N. C., 139, 144 S. E., 689; *Hunt v. Casualty Co.,* 212 N. C., 28, 192 S. E., 843.

The judgment creditors, who are the real parties in interest, were awarded recoveries against the insured on the allegation that the "panel-body truck" in question "had been converted into a passenger carrying vehicle" and was being used "for . . . the carrying of passengers," at the time of the collision.  Thus, they proceeded on the assertion that the insured was a common carrier, when obtaining judgments against him.  They now seem to argue that the insurance company should be held liable on a different theory, or under coverage which was neither purchased nor paid for.

The judgment is not technically one *"non obstante veredicto,"* as it is designated, but one on the first issue—the second issue being immaterial, or surplusage, in the light of the record.

No reversible error has been made manifest; hence, the result:

No error.