## POTHIER v. NEW AMSTERDAM CAS. CO.

### No. 6300.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1951.

Decided Nov. 29, 1951.

Robert W. Brooks and E. D. Flowers, both of Raleigh, N. C., for appellant.

Thomas A. Banks, Raleigh, N. C. (William Y. Bickett, Raleigh, N. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and STERLING HUTCHESON, District Judge.

SOPER, Circuit Judge.

This appeal involves the coverage of an insurance policy on an automobile owned by one Raymond Lewandowski, a resident of New York. An additional question of liability by estoppel is also involved.

On May 9, 1950, a collision occurred on a North Carolina highway about nine miles south of the City of Raleigh, between an automobile owned and driven by Victor Pothier, the plaintiff appellant, and an automobile owned by Raymond Lewandowski and driven at the time by Felix Lewandowski, with Raymond's permission. Both cars were then towing trailers. The Lewandowski car was towing a 1948 model "Detroiter" two-wheel metal trailer, 12 to 14 feet in length. It was completely enclosed, and had a small screened window equipped with venetian blinds, and both an outer door and screen door in its side. Inside, there was a bunk or cot, but no facilities for cooking or eating. The trailer was

equipped with separate hydraulic brakes which could be operated from within the automobile to which it was attached, and was described on the 1950 Florida Registration Card as a "house" type body. The Pothier car was towing a much larger and more elaborate trailer, in which Pothier and his wife lived. This trailer was damaged beyond repair and his car suffered damages in excess of $400.

On April 13, 1950, the Insurance Company issued an automobile policy to Raymond Lewandowski on his automobile in which the company agreed to pay on behalf of the insured all sums not exceeding $5000 which "insured" might become legally obligated to pay as damages because of injury to or destruction of property. The policy also provided that the word "insured" should include any person while using the automobile with the named insured's permission. The policy was in full force and effect when the collision occurred.

Under the heading "Exclusions" the policy contained provisions that it did not apply while the described automobile was "used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company;" but the policy did cover the described automobile and also a "Utility Trailer—a trailer not so described, if designed for use with a private passenger automobile, if not being used with another type automobile and if not a home, office, store, display or passenger trailer." The Lewandowski trailer was not "covered by like insurance in the company."

Following the accident Pothier brought an action against Lewandowski in the court below for damages caused by the negligent operation of his car, and recovered a judgment in the sum of $4491.47. Execution was issued on the judgment but no recovery was realized. Thereafter Pothier brought suit against the Insurance Company to recover on the policy. The company denied liability on the ground that the policy did not cover the car at the time of the accident, since it was being used for towing a "home trailer" within the meaning of the contract. The judge approved this contention and entered judgment for the company.

▮ We think that this conclusion was correct. As we have pointed out, the vehicle was of sufficient size for living purposes; it was fully enclosed and was equipped with a window protected by venetian blinds, and an entrance, with an outer door and screen door in its side, obviously designed for the comfort of the occupants. Moreover, it was furnished with a cot and there is evidence that at the time of the accident or shortly thereafter it was occupied by a young woman and a baby. It was clearly a home trailer in the exclusion of the policy.

The appellant makes the further contention that the company is estopped to question the coverage of the policy because of the actions of its adjuster who examined the damages to the Pothier car and trailer after being notified of the accident, and secured estimates for its repairs from several garage men, and assured Pothier's attorney that the policy covered the accident. There was testimony that because of this statement the attorney desisted from filing legal proceedings for the attachment of the Lewandowski vehicles before they were taken out of the jurisdiction. The evidence further showed that the question of coverage had been raised and discussed by the attorneys for both of the participants in the accident and that the policy had been produced and exhibited to Pothier's attorney who either read it or had an opportunity to do so before the company was notified of the accident and before the adjuster appeared. It was also shown that the written notice of the accident to the company which was made very shortly after the accident did not reveal the fact known to Pothier and his attorney, that the Lewandowski car was towing a home trailer when the collision occurred, and there was no evidence that this fact had been made known to the adjuster when he took the steps and made the statement referred to.

▮▮ The District Judge, however, did not find it necessary to pass on the evidence relating to the actions of the adjuster because he was of the opinion that in any event the company was not estopped from making the defense. Under the law of North Carolina the coverage of an insurance policy may not be extended by the acts of an agent of the insurance company who has no authority to execute a contract on its

behalf. Thus in McCabe v. Maryland Casualty Co., 209 N.C. 577, 183 S.E. 743, the court held that a provision in an accident policy restricting the insurance to persons of certain ages limited the coverage to such persons and could not be waived by a policy-writing agent; and in Lumber Mutual Casualty Ins. Co. v. Wells, 226 N.C. 574, 39 S.E.2d 741, where an automobile liability policy provided that the company would not be liable if the insured vehicle was used as a public conveyance, it was held that since the car was so used at the time of the accident, the company was not estopped to raise the defense of non-coverage by the fact that the company's agent, who issued the policy, had knowledge that the car was to be used for this purpose. See also Curtis v. Prudential Ins. Co., 4 Cir., 55 F.2d 97; Peters v. Great American Ins. Co., 4 Cir., 177 F.2d 773, 778; 2 Couch on Insurance, §§ 530, 549. The restrictions upon the authority of an agent of an insurance company, set out in the policy, are enforced in North Carolina, and the principle is observed that a company is not bound by or liable for the act of its agent beyond his actual and not within the scope of his apparent authority. Foscue v. Greensboro Mutual Life Ins. Co., 196 N.C. 139, 144 S.E. 689; Thompson v. Equitable Life Assurance Society, 199 N.C. 59, 154 S.E. 21, 85 A.L.R. 739.

The instant suit was brought under a provision of the policy that any person who had secured a judgment against the insured for damages caused by accident in the use of the insured automobile would be entitled to recover under the policy to the extent of the insurance afforded thereby. But the policy expressly provided that its terms should not be changed except by endorsement signed by the president, vice-president or secretary of the company; and there is no evidence that the company held out the adjuster as having any authority to extend the coverage of the policy beyond its terms. The company was therefore justified under the law of North Carolina in raising the defense, and the judgment of the District Court is therefore

Affirmed.