VIRGINIA SURETY CO. v. WRIGHT et al.
Civ. A. No. 731–G.

United States District Court
M. D. North Carolina, Greensboro Division.
July 30, 1953.

Smith, Sapp, Moore & Smith, Greensboro, N. C., for plaintiff.

Prevette & Coltrane, Asheboro, N. C., Long & Long, Graham, N. C., Welch Jordan and Cooke & Cooke, Greensboro, N. C., for defendants.

HAYES, District Judge.

This is a civil action for a declaratory judgment brought under 28 U.S.C.A. § 2201 by Virginia Surety Company against Vernie Dean Wright, Burlington Truckers, Inc. and Floyd Roach. Pennsylvania Thresherman and Farmers' Mutual Casualty Company was made an additional party. Jurisdiction is based on diversity of citizenship.

Plaintiff issued an original policy, No. E27953, to Wright on his truck represented in the declaration to be principally garaged at his home at Staley, N. C. The policy was renewed July 1, 1952, No. 32007, which was in full force July 22, 1952, when the truck was involved in an accident with a truck of Burlington Truckers, Inc., and Truckers alleges damages to its truck in excess of $5,000. Attached to and forming a part of the policy was the following endorsement:

"Truckmen-Local

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability with respect to the automobile classified as 'Commercial (local Truckmen)' applies provided:

"1. The regular and frequent use of the automobile is confined to the area within a fifty mile radius of the limits of the city or town where the automobile is principally garaged as stated in the declarations: ·

"2. No regular or frequent trips are made by the automobile to any location beyond such radius * * *". Item 1 of the declarations states that the truck is principally garaged at Route 1, Staley, N. C.

■ For several weeks before the collision and before the renewal of the policy on July 1st, Wright was regularly and frequently hauling crushed stone for Floyd' Roach from Midland to various road projects, all being beyond a radius of fifty miles from the nearest point of Route 1, Staley, N. C. Therefore, the policy excludes coverage by its express terms. Lumber Mutual Casualty Insurance Co. of New York v. Wells, 226 N.C. 574, 576, 39 S.E.2d 741. Pothier v. New Amsterdam Cas. Co., 4 Cir., 1951, 192 F.2d 425.

The policy was written by the plaintiff by assignment from the State Insurance department as an assigned risk, pursuant to the State statutes pertaining thereto. These statutes require the policy to cover accidents anywhere in the United States but limits the property damage to $1,000 exclusive of cost. Since the law of the State is deemed a part of the policy, a restriction as to coverage contrary to the law of the State is void as to such portion of the policy covered by the law, to wit, $1,000. To this extent only does the insurance apply. Howell v. Travelers Indemnity Co., 237 N.C. 227, 74 S.E.2d 610.

■ Wright was required to furnish Roach a certificate of insurance in order to get the work. Plaintiff, at the request of Wright, sent Roach at his Post Office address, Kanapolis, N. C., the certificate, giving the vehicles insured, covering $5,000 property damage and $1,000 personal injury, also the number of the policy and subject to the conditions set forth therein,

and made it available for Roach to inspect it at the insured's office. Roach had no other knowledge of the limitations on coverage. But this and the fact that Wright was actually garaging his truck at Midland and had been regularly and frequently using the truck there, renders the limitation inapplicable. There is no evidence, other than these two facts, that plaintiff had any actual or constructive notice that Wright was not garaging his truck, as stated in his declaration, at Staley, Route 1, N. C. This falls far short of notice to the insurer and renders inapplicable Johnson v. Rhode Island Insurance Co., 172 N.C. 142, 90 S.E. 124; Aldridge v. Greensboro Fire Ins. Co., 194 N.C. 683, 140 S.E. 706; Zibelin v. Pawtucket Mutual Fire Ins. Co., 229 N.C. 567, 50 S.E.2d 290.

█ Next it is contended by the defendants that plaintiff has waived the coverage, relying on the facts above and that its adjuster investigated the accident, took a written statement from Wright; contacted Burlington Truckers Inc., and requested that it furnish him with repair estimates and advised truckers to sue Wright and Roach without denying coverage; that Burlington Truckers, Inc. filed suit in Alamance County against Wright and Roach, the summons being served on Wright November 5th, who referred it to the adjuster and he to the attorneys for the plaintiff, and they entered a general appearance for Wright and had the time for answering extended without any waiver from Wright until December 24, 1952. In view of the law of North Carolina as stated in Lumber Mutual Casualty Ins. Co. of New York v. Wells, supra, and approved by this circuit in Pothier v. New Amsterdam Cas. Co., supra, the evidence is not sufficient to support a finding of estoppel or waiver.

█ The Pennsylvania Threshermen and Farmers' Mutual Cas. Ins. Co. asks for a judgment on its policy. It protects Roach on trucks owned by him and against his liability for independent contractors. It becomes necessary to determine whether Wright was an independent contractor. Roach had a written contract to deliver 2,000 tons of crushed stone daily from the crusher at Midland, N. C. to the highway project at 82¢ per ton regardless of the route prescribed by the condition of the haul roads and those directed by the State Highway Commission. He was required to furnish a fleet of twenty trucks which he controlled personally and to hire as many more as necessary. He was required to furnish a certificate of his insurance and not to hire a truck until a certificate of its insurance was filed with Propst Const. Co.

Roach at all times kept approximately 20 trucks on the job and hired Wright with his two trucks and others. Each truck was assigned a number and records kept of the loadings at the crusher. All trucks were supplied gas by Roach at a filling station where a card was signed by the driver showing the number of the truck, date and gas supplied. Repairs were made at a garage named by Roach. At the end of the month, Roach deducted repairs and gas and gave a check in payment of the balance, based on 78¢ per ton. Roach was in complete charge, although Wright drove one of his trucks and a man whom he hired drove the other. Wright had no voice in selecting the work or the work he was to do, but like the trucks owned by Roach, did whatever he was directed to do by Roach or his agent. From Roach's Ex. 3 it appears that Wright hauled stone at 78¢ amounting to $432.86 and top soil at 50¢ and other tonnage at 20¢, or a total of ten different tonnage at ten different rates and in June at twelve different rates. The total haul in July was $873.08 from which gas of $295.64 and repairs $77.39 were deducted by Roach; the haul in June was $1,079.17 less gas $308.80 and repairs $60.58. The work—whether hauling crushed stone or top soil—was under the control of Roach and in which Roach's trucks were engaged. Wright could not select the job or the rate of pay. He had to do as directed. Roach could have terminated the contract at will. Wright was Roach's employee and Roach is liable for his negligence while Wright is doing the work for Roach. Wright v. Wright, 229 N.C. 503, 50 S.E.2d 540; Lassiter v. Cline, 222 N.C. 271, 22 S.E.2d 558; Scott v. Waccamaw Lbr. Co., 232 N.C. 162, 59 S.E.2d 425.

The policy to Roach does not cover the truck because not owned by Roach nor does it cover him because Wright was not an independent contractor.

A decree will be entered holding plaintiff liable for the defense of the suit by Burlington Truckers v. Wright and Roach and for any recovery but not to exceed $1,000 and cost; no liability exists by Pa. T. & F. M. Cas. Ins. Co. on its policy to Roach growing out of the collision of Wright's truck with that of Burlington Truckers, Inc., either to Roach or Burlington Truckers, Inc.; Burlington Truckers, Inc. has a right to recover, if negligence is established, against Wright and Roach.