GEORGE P. WRIGHT AND VERNIE D. WRIGHT v. MERCURY INSURANCE COMPANY, A CAPITAL STOCK COMPANY OF ST. PAUL, MINNESOTA.

(Filed 26 June, 1956.)

1. **Insurance § 50—**

Where insured declares on the policy as written and defendant insurer files answer giving notice that it would rely upon transfer of an interest in

the insured vehicle to another without endorsement on the policy as required by its terms, and use of the vehicle beyond a 50-mile radius of the stated place of principal garaging in violation of provisions in the policy, insured, in the absence of a reply setting up waiver or estoppel by insurer of such provisions, is not entitled to introduce evidence thereof, and, plaintiff's own evidence showing a violation of these provisions, nonsuit is proper.

**2. Estoppel § 11a—**

If plaintiff seeks to rely upon a waiver or an estoppel *in pais* or an equitable estoppel affecting the real and substantial merits of the matter in controversy and has an opportunity to plead it, and the facts constituting a waiver or estoppel do not appear in the pleadings of the parties, he must specially plead it, and if he does not do so, evidence to prove it is not admissible over objection.

JOHNSON, J., not sitting.

APPEAL by plaintiffs from *Patton, Special Judge*, November Civil Term 1955 of RANDOLPH.

Civil action to recover upon an automobile liability insurance policy issued to George P. Wright upon a Ford dump truck on 8 September 1951.

The Ford truck on 22 July 1952 had a collision with a tractor-trailer and was practically demolished. The defendant denied liability under the policy, and tendered into the office of the Clerk of the Superior Court the sum of $109.73, being $93.99 pro rata refund of the unearned premium upon said policy, together with the sum of $15.74 interest thereon computed at the rate of 6% per annum from 30 January 1952 to the date of the tender, in order that the court may direct refund of said unearned premium to George P. Wright or such other person as may be lawfully entitled thereto.

At the close of the plaintiffs' evidence the court allowed the defendant's motion for judgment of nonsuit. Whereupon, the court entered a judgment of involuntary nonsuit, and in the judgment *by consent of the defendant* ordered the Clerk of the Superior Court to pay plaintiffs the sum of $109.73 tendered into the Clerk's office by the defendant.

Plaintiffs appeal, assigning error.

*Moody & Moody and Ottway Burton for Plaintiffs, Appellants.*
*Jordan & Wright and Charles E. Nichols for Defendant, Appellee.*

PARKER, J. This case involves the coverage of an insurance policy on a Ford dump truck. The appeal challenges the acts of the court below in (1) allowing the defendant's motion for nonsuit at the close of plaintiffs' evidence and (2) excluding testimony offered by plaintiffs.

The allegations of the complaint are substantially as follows:

*One.*   On 8 September 1951, in consideration of a premium of $129.30 paid to it, defendant issued its policy of collision insurance to George P. Wright on a 1951 Ford dump truck, a copy of which policy is attached to the complaint marked Exhibit A, and made a part thereof.   The policy expired on 8 March 1953.   It contained a notice of a lien to Associates Discount Corporation, and contained a loss payable clause to it.

*Two.*   About 30 January 1952 George P. Wright transferred ownership of this truck to Vernie D. Wright upon the latter's agreement to assume the monthly installments on the lien held by Associates Discount Corporation, and upon the further agreement to permit George P. Wright and the lien holder to hold the certificate of title to the truck and to be jointly entitled to the immediate possession of the truck in the event of default in the installment payments, because the lien holder refused to release George P. Wright from liability upon its lien.   On 30 January 1952 plaintiffs through Associates Discount Corporation gave to defendant notice of this change of interest.

*Three.*   On 22 July 1952 while said policy was in full force and effect, the Ford dump truck suffered a collision loss within the terms and provisions of the policy.   The truck was damaged in the amount of $1,799.00, which sum the defendant has contracted to pay plaintiffs under the policy less $100.00.   The plaintiffs have made demand upon the defendant for payment under the terms of the policy, which demand the defendant has refused.

The defendant filed an answer admitting the receipt of the premium and the issuance of the policy to George P. Wright.   The defendant further admitted in its answer that on 30 January 1952 George P. Wright transferred ownership of the Ford dump truck to Vernie D. Wright, but alleged that it had no knowledge of the transfer of ownership until after the collision on 22 July 1952.   In its answer it denied that the truck suffered a collision loss within and covered by the terms, conditions and provisions of its policy.   The defendant further answering the complaint and as further defenses thereto alleged:

*One.*   The policy of insurance issued by the defendant to George P. Wright provided, among other things, as follows: "Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon."   The policy also provided as follows: "11. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by its

President, Vice President, Secretary, or Assistant Secretary." The defendant did not at any time endorse upon the said policy its consent to any assignment thereof to Vernie D. Wright, or any other person. The policy further provided in the declaration as follows:

"Item 5. LOSS PAYEE: Any loss hereunder is payable as interest may appear to the insured and Associates Discount Corporation, Greensboro, N. C.

"Item 6. Except with respect to bailment lease, conditional sale, mortgage or other encumbrance the insured is the sole owner of the automobile, except as stated herein: No exceptions."

The defendant alleges that it is not liable for the payment of any amount by reason of the damage to the Ford dump truck which occurred on 22 July 1952, because George P. Wright, the insured in said policy, was not the sole owner of said vehicle, and the defendant had no notice or knowledge of said change of ownership, and the policy had not been legally transferred and assigned to any other person in the manner required by the terms and provisions of said policy.

*Two.* Since George P. Wright divested himself of the ownership of said truck on or about the 30th day of January 1952, and since the policy was not transferred or assigned to Vernie D. Wright, the policy ceased to afford any coverage on the truck as of the date the same was transferred by the insured, George P. Wright, and the defendant herewith tenders into the registry of the Clerk of the Court the sum of $109.73, being $93.99 pro rata refund of the unearned premium upon said policy, together with the sum of $15.74 interest thereon computed at the rate of six (6%) per cent per annum from January 30, 1952, to the date of said tender, in order that the Court may direct refund of said unearned premium to George P. Wright or such other person as may be lawfully entitled thereto. The policy of insurance had attached thereto, and made a part thereof, a certain limitation of use endorsement as follows:

"LIMITATION OF USE ENDORSEMENT—
COMMERCIAL AUTOMOBILES.

"In consideration of the premium at which the policy designated below is issued, it is represented by the Insured that no regular and frequent trips of commercial vehicles described in such policy are or will be made during the policy period to any location beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicles.

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or

limitations of the undermentioned policy, other than as above stated.

"This endorsement shall take effect on the 8th day of September 1951. Attached to and forming part of Policy No. 332-02195 issued to George P. Wright of Staley, N. C. by the Mercury Insurance Company, St. Paul, Minnesota. Not valid until countersigned by an authorized agent of Company at Greensboro, N. C. this 8th day of September 1951.

A. B. JACKSON<br>President.

(s) C. C. WIMBISH,
        Agent."

The policy provided that the insured truck would be principally garaged at Route #1, Staley, N. C. The defendant, from information and belief, alleges that during the spring and summer of 1952 the Ford dump truck was regularly and frequently used on trips to locations beyond a 50 mile radius of Route #1, Staley, N. C., and that at the time of the collision alleged in the complaint this truck was at a point more than 50 miles from Route #1, Staley, N. C., which trip was one of the regular and frequent trips upon which the truck was used beyond said 50 mile radius. Therefore, the breach of the representation set forth in the limitation of use endorsement deprives the plaintiffs, as well as all other persons, firms and corporations, of the right to make any recovery for damages to this truck arising out of the accident of 22 July 1952, even if said policy of insurance was otherwise in full force and effect, which is again denied.

The plaintiffs filed no reply to defendant's answer. The complaint is their sole pleading.

The plaintiffs introduced in evidence the insurance policy attached to their complaint. Their evidence tends to show these facts: On or about 30 January 1952 George P. Wright, the insured and a man 77 years old, transferred and assigned his ownership of the Ford dump truck to his son Vernie D. Wright, but the consent of the defendant to such assignment was never endorsed on the policy. The declaration of George P. Wright, the insured, attached to the policy stated the Ford dump truck will be principally garaged at Route #1, Staley, North Carolina. The policy provides, "by acceptance of this policy the insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance." Vernie D. Wright never used this truck for hauling stone

around the vicinity of Staley. In part of 1952 he hauled stone with this truck from a stone crusher at Kings Mountain, which is west of Charlotte and about 100 miles from Staley. Also in 1952 Vernie D. Wright hauled crushed rock with this truck for several months in Durham. For six weeks immediately prior to the collision of the Ford dump truck with a tractor-trailer on 22 July 1952, which practically destroyed it, and on that date, Vernie D. Wright was engaged in the business of hauling crushed stone regularly and frequently with this Ford dump truck for Floyd Roach from Midland to various road projects, all being beyond a radius of 50 miles from Route #1, Staley, North Carolina. He testified that this work for Floyd Roach "was a continuous, regular operation." When Vernie D. Wrght was hauling crushed rock for Floyd Roach this truck, when not in use, was kept in the yard of the house in Stanfield, where he boarded. His wife and baby lived at Staley, and he went home most week-ends. The wreck occurred about 16 miles from Stanfield.

The policy of insurance contains a provision that this policy applies only to losses, which are sustained during the policy period, while the automobile is owned, maintained and used for the purposes stated as applicable thereto in the declaration.

The plaintiffs contend that there was a waiver of, or an estoppel to claim the benefit of, the limitation of use endorsement on the policy by the defendant. In support of this contention the plaintiffs offered testimony of Vernie D. Wright, which was excluded from the jury upon objection of the defendant. If Vernie D. Wright had been permitted to testify before the jury he would have said as follows: He had a conversation with C. C. Wimbish, agent of the defendant, prior to the issuance of the collision insurance policy he is bringing suit on. He went to Wimbish to insure his truck, and asked him what kind of insurance he needed. Wimbish asked him what he was going to haul. He told him he would never be 50 miles away from the crusher, called that home. Wimbish said a 50 mile radius would be good enough, just so he didn't get 50 miles out of the radius in hauling. Wimbish told him no matter where he garaged the truck just so he didn't haul 50 miles from there.

The plaintiffs also offered evidence, which was excluded from consideration of the jury upon objection by defendant for the purpose of showing a waiver of, or an estoppel to claim the benefit of, the policy provision by the defendant that an assignment of interest under this policy shall not bind the company until its consent is endorsed thereon.

The answer of defendant gave the plaintiffs notice that it was relying upon a violation of the limitation of use endorsement on the policy as a defense, and also upon the provision of the policy as to assignment of interest as a defense. The plaintiffs had ample opportunity to file a

reply to defendant's answer and to allege a waiver of such limitation of use by the defendant and an estoppel of the defendant to claim the benefit of such endorsement, and also to allege a similar plea as to the policy's provision as to an assignment of interest. They failed to do so, and relied entirely on their complaint, which neither states nor makes any reference at all to any facts to show a waiver or an estoppel on the part of the company as to this limitation of use endorsement, and as to the provision as to assignment of interest. The allegation in the complaint that plaintiffs through Associates Discount Corporation gave to defendant notice of the change in interest as to the Ford dump truck is not a pleading of waiver of, or an estoppel to claim the benefit of, the assignment of interest provision by defendant.

The rule is well settled in this jurisdiction, and it seems to be the majority rule elsewhere, that, if the insured relies upon a waiver or an estoppel *in pais* or an equitable estoppel affecting the real and substantial merits of the matter in controversy and has an opportunity to plead it, and the facts constituting a waiver or estoppel do not appear in the pleadings of the parties, he must specially plead it, and if he does not do so, evidence to prove it is not admissible over objection. *Manufacturing Co. v. Assurance Co.*, 110 N.C. 176, 14 S.E. 731, 28 Am. St. Rep. 673; *Upton v. Ferebee*, 178 N.C. 194, 100 S.E. 310; *Laughinghouse v. Ins. Co.*, 200 N.C. 434, 157 S.E. 131; *Lamb v. Staples*, 236 N.C. 179, 72 S.E. 2d 219; *Distributors Packing Co. v. Pacific Indemnity Co.*, 21 Cal. App. 2nd 505, 70 P. 2d 253; *Cohen v. Metropolitan Life Ins. Co.*, 32 Cal. App. 2nd 337, 89 P. 2d 732; *Purefoy v. Pacific Automobile Indemnity Exchange* (Supreme Court of Cal.), 53 P. 2d 155; *Neese v. Milwaukee Mechanics' Ins. Co.*, 84 Ga. App. 473, 66 S.E. 2d 172; *Hyder v. Metropolitan Life Ins. Co.* (Supreme Court of South Carolina), 190 S.E. 239; Appleman Insurance Law and Practice, Vol. 20, sec. 11845; Richards Law of Insurance, 4th Ed., sec. 141; Annotations 120 A.L.R. pp. 8 *et seq.*, entitled Pleading Waiver, Estoppel and *Res Judicata;* 29 Am. Jur., Insurance, sections 1422 and 1427; 19 Am. Jur., Estoppel, sections 179, 181 and 182; 56 Am. Jur., Waiver, sections 18 and 19.

In *Midkiff v. Ins. Co.*, 197 N.C. 139, 147 S.E. 812, and in *Midkiff v. Ins. Co.*, 197 N.C. 144, 147 S.E. 814, the original transcripts of the records in each case on file in the office of the Clerk of the Supreme Court show that the plaintiffs in each case filed a reply to the answer expressly pleading waiver.

The assignments of error as to the exclusion of evidence are without merit, for the reason that plaintiffs have not pleaded waiver or estoppel, though they had ample opportunity to do so, and facts constituting a waiver or estoppel do not appear in the combined pleadings of the parties. "Proof without allegation is as ineffective as allegation with-

out proof." *McKee v. Lineberger,* 69 N.C. 217, 239. *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911.

Plaintiffs' suit is upon the policy as written. *Burton v. Ins. Co.,* 198 N.C. 498, 152 S.E. 396. Plaintiffs' evidence shows unequivocally that the Ford dump truck, a commercial vehicle, while engaged in regular and frequent trips beyond a 50 mile radius from Route #1, Staley, North Carolina, had a collision with a tractor-trailer beyond a 50 mile radius from Route #1, Staley, North Carolina. Therefore, the policy excludes coverage by its express terms. *Insurance Co. v. Wells,* 226 N.C. 574, 39 S.E. 2d 741; *Person v. Tyson,* 215 N.C. 127, 1 S.E. 2d 367; *McCabe v. Cas. Co.,* 209 N.C. 577, 183 S.E. 743; *Pothier v. New Amsterdam Cas. Co.,* 4 Cir. 1951, 192 F. 2d 425; *Virginia Surety Co. v. Vernie D. Wright, et al,* 114 F. Supp. 124. See *Johnson v. Casualty Co.,* 234 N.C. 25, 65 S.E. 2d 347.

The judgment of nonsuit entered below is
Affirmed.

JOHNSON, J., not sitting.