CALVIN C. MASSENBURG v. CLARA FOGG.

(Filed 11 April, 1962.)

**1. Courts § 8;    Evidence § 1—**

    It is not required that the Superior Court hear evidence in order to determine that an appeal from a justice of the peace was docketed in the office of the clerk of the Superior Court within the time allowed, since the court may take judicial notice of the entries showing when the appeal was docketed and the date the first court convened after the judgment of the justice of the peace was rendered. A finding that the appeal was docketed in a proper manner will be held to mean that it was docketed within the time allowed.

**2. Courts § 8—**

    G.S. 1-285 has no application to appeals from a justice of the peace to the Superior Court, and the giving of bond for costs is not necessary to perfect such appeal.

APPEAL by plaintiff from *H. R. Clark, J.,* January 1962 Civil Term of WARREN.

This is an appeal from an order denying plaintiff's motion to dismiss an appeal by defendant from a judgment rendered by a justice of the peace in an action instituted by plaintiff as provided in art. 3, c. 42 of the General Statutes.

The record here contains: (1) Plaintiff's "STATEMENT OF CASE ON APPEAL," stating: "Presiding Judge, Heman R. Clark, declined to sign the tendered judgment, and, without hearing any evidence except plaintiff's verified motion, signed an order denying the plaintiff's motion, to which actions the plaintiff excepted, and appealed to the Supreme Court." (2) An affidavit sworn to 9 May 1960. (3) An execution or writ of possession signed by the justice of the peace on 11 May 1960. Numbers 2 and 3 are in the form prescribed by G.S. 42-37. (4) "Defendant gave notice, in open court, of Appeal to Superior Court." This entry is signed by the J. P. (5) Plaintiff's motion, filed at the January 1962 Term to dismiss defendant's appeal. The basis for the motion is the asserted failure (a) to docket the appeal in due time, (b) to give a *supersedeas* bond, and (c) to pay the officers their fees. (6) The order of Judge Clark denying the motion based on his finding "as a fact that the case was filed and docketed in the Office of the Clerk of Superior Court in a proper manner." (7) Plaintiff's appeal, reading: "To the foregoing order, the plaintiff excepts and gives notice of appeal to the Supreme Court." The record does not contain the summons issued by the justice of the peace nor the judgment rendered by him.

*Gilliland & Clayton by Theaoseus T. Clayton for plaintiff appellant. Banzet & Banzet for defendant appellee.*

PER CURIAM. Plaintiff has not excepted to the court's finding that the appeal was docketed in the office of the clerk of the Superior Court in a proper manner. We interpret that finding to mean the appeal was docketed at the next term of the Superior Court after the justice of the peace rendered his judgment. The court did not need to hear evidence to establish that fact. The J. P. was required to certify the original papers to the Superior Court. G.S. 42-37.

In hearing the motion, it is to be assumed the court had before it all of the original papers and the docket entries made by the clerk of the Superior Court showing when the papers were filed in the Superior Court. It was not necessary to offer these papers or the docket entries in evidence to establish the date when they were filed and docketed by the clerk. The court could take judicial notice of the entries showing when the appeal was docketed in the Superior Court. *Harrell v. Lumber Co.*, 172 N.C. 827, 90 S.E. 148. The court could take judicial knowledge of the date the first court convened after 11 May.

Defendant was not required, as a condition to his right to appeal to the Superior Court, to give a *supersedeas* bond. The failure to give such bond did not prevent plaintiff from having execution issue on the judgment. G.S. 7-178.

G.S. 1-285 has no application to appeals from a justice of the peace to the Superior Court. The court correctly concluded that defendant was not required to give the bond prescribed by that statute in order to perfect his appeal from the justice of the peace to the Superior Court.

Affirmed.