J. CLAUDE GASKINS, T/A GREENVILLE FEED MILLS v.
HARTFORD FIRE INSURANCE COMPANY.

(Filed 19 July 1963.)

**1. Pleadings § 19—**

In an action on a policy of fire insurance, a complaint alleging that defendant insurer issued its policy on the premises in question in a stated amount and that the building and its contents, valued in a specified amount as itemized in the complaint, were destroyed by fire, and that plaintiff gave insurer immediate notice and had performed all the conditions of the policy, *is held* to state an enforceable cause of action notwithstanding its failure to allege plaintiff's ownership of the property and consideration for the policy, and, upon demurrer, the cause should not be dismissed but plaintiff should be allowed to amend.

**2. Evidence § 1—**

A court judicially knows its own records and therefore will take judicial notice of the filing dates of the pleadings in an action before it.

**3. Pleadings § 19; Insurance § 87—**

Where plaintiff insured filed complaint stating an enforceable cause of action within twelve months of the loss by fire, and after the expiration of the twelve-month period the parties consent that defendant's demurrer should be sustained, and thereafter amended complaint is filed in accordance with the consent order, defendant insurer will not be permitted to assert the provision of the policy that action be instituted within twelve months after loss, since the provision is contractual and subject to waiver or estoppel.

APPEAL by defendant from *Mintz, J.,* September 1962 Term of PITT. Certiorari allowed February 12, 1963.

Plaintiff instituted this action on February 26, 1962. The complaint alleged the following facts:

Defendant is engaged in the business of assuming risks of insurance from loss by fire for a consideration. On October 1, 1960 defendant issued to plaintiff policy No. 270047 insuring plaintiff for five years against loss of the contents of the building at 810 Watauga Avenue in Greenville, North Carolina, in an amount not to exceed $12,500.00.

GASKINS v. INSURANCE CO.

On March 19, 1961 the building and its contents, valued at $12,381.00 and itemized in the complaint, were destroyed by fire. Plaintiff gave defendant immediate notice of the loss and has performed all the conditions of the policy. When payment was refused plaintiff instituted this action within twelve months from the date of loss.

Defendant demurred to the complaint for failure to state a cause of action for that (1) it appeared the contract was without consideration and (2) there was no allegation that plaintiff had an insurable interest in the property which was destroyed.

On May 29, 1962 Judge Copeland sustained the demurrer and, in the same order, allowed plaintiff thirty days in which to file an amended complaint. His order recited "that the parties have by consent agreed that said demurrer should be sustained for the reasons set out in the demurrer."

On June 21, 1962 the plaintiff filed a more detailed complaint in which he alleged the identical cause of action but supplied the specific averments that plaintiff owned the particular property which was destroyed by fire and that the policy sued on had been issued in consideration of the agreed premium.

On July 13, 1962 defendant demurred to the amended complaint for that it appeared from the complaint that the loss complained of had occurred on March 19, 1961, and the complaint was filed on June 21, 1962, more than fifteen months later, and that the action had not been brought within twelve months of the loss as required by G.S. 58-176.

On December 10, 1962 Judge Mintz overruled the demurrer. Defendant's petition for certiorari was granted, and defendant appealed assigning as error the order of the Court overruling the demurrer.

*David E. Reid, Jr., for plaintiff appellee.*
*J. W. H. Roberts by Eugene A. Smith, Associate, for defendant appellant.*

SHARP, J.   While the complaint filed in this action was in general terms and some facts left to inference, it nevertheless stated an enforceable cause of action. At worst, it could only have been a defective statement of a good cause. Defendant's proper remedy was by a motion to make the complaint more definite. In demurring, counsel for defendant followed the practice mentioned by Barnhill, C.J., in *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43. "When, as is often the case, counsel resort to a demurrer, rather than a motion to make more definite, to challenge the sufficiency of the statement of a good

cause of action and the defect may be cured by amendment, the courts will allow the amendment rather than dismiss the action."

However, in this case, the judge, *by consent*, sustained the demurrer "for the reasons set out in the demurrer." His judgment, even though the complaint was not demurrable, became the law of the case. *Nothing else appearing*, the new complaint having been filed more than twelve months "after the inception of the loss" the action would be barred for failure to comply with G.S. 58-176. *Holly v. Assurance Co.*, 170 N.C. 4, 86 S.E. 694; *Rouse v. Insurance Co.*, 203 N.C. 345, 166 S.E. 177; *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703; *Webb v. Eggleston*, 228 N.C. 574, 46 S.E. 2d 700; *Davis v. Rhodes*, *supra; Stamey v. Membership Corporation*, 249 N.C. 90, 105 S.E. 2d 282. The Court will take judicial notice of the filing date of the amended complaint; it judicially knows its own records in the suit being tried. *Harrell v. Lumber Co.*, 172 N.C. 827, 90 S.E. 148; *Webb v. Eggleston, supra; Massenburg v. Fogg*, 256 N.C. 703, 124 S.E. 2d 868. In this case we think *something else* appears.

At the time counsel for both defendant and plaintiff consented that the demurrer be sustained, the twelve months had already expired and, unless the complaint could have been amended so that the amendment related back, counsel for plaintiff would have been giving away his client's law suit. This, of course, he had no right to do, and we presume that he no more intended to give away his law suit than counsel for defendant thought he did.

It is implicit in his Honor's judgment, and the somewhat unusual procedure, that counsel's consent that the demurrer be sustained was intended merely as a device to make the original complaint more definite and certain. This was the only relief to which defendant was then entitled, and the consent of both counsel that the demurrer be sustained implied their consent to the amendment. Permission to amend was included in the order sustaining the demurrer without objection by defendant.

A provision in a standard fire insurance policy that action on it must be commenced within twelve months after inception of the loss is contractual. It is, therefore, subject to waiver or estoppel. Strong's N. C. Index, Vol. 2, Insurance, § 87; *Dibbrell v. Insurance Co.*, 110 N.C. 193, 14 S.E. 783; *Meekins v. Insurance Co.*, 231 N.C. 452, 57 S.E. 2d 777; *Boyd v. Insurance Co.*, *supra.*

Affirmed.

PARKER, J. Concurring in the result. I concur only in the result affirming the judgment below overruling the demurrer to the amended

complaint on the ground that the cause of action stated in the amended complaint has not been brought within twelve months of the loss as required by the provision of the policy, which policy, it is stipulated, is a Standard Fire Insurance Policy as set forth in G.S. 58-176, for the simple reason that the objection that the action stated in the amended complaint was not commenced within the time limited by the provision of the policy cannot be taken advantage of by demurrer, but can only be taken by answer. G.S. 1-15; *Stamey v. Membership Corp.,* 249 N.C. 90, 105 S.E. 2d 282; *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320.

Defendant is not required to plead this provision of its policy as a bar to plaintiff's action alleged in his amended complaint, nor is any person required to plead as a defense to an action the bar of the Statute of Limitations. However, if defendant does plead it as a defense, defendant will be entitled to a peremptory instruction in its favor that plaintiff's action as stated in his amended complaint will be barred by this provision of the policy limiting the time in which action can be brought, unless plaintiff alleges a waiver by defendant of this provision of the policy, or an estoppel of defendant to rely upon it, or both, and introduces evidence in support of such allegations, because no facts constituting a waiver or an estoppel appear in the amended complaint. *Miller v. Casualty Co.,* 245 N.C. 526, 96 S.E. 2d 860.

In *Wright v. Insurance Co.,* 244 N.C. 361, 93 S.E. 2d 438, the Court said:

"The rule is well settled in this jurisdiction, and it seems to be the majority rule elsewhere, that, if the insured relies upon a waiver or an estoppel *in pais* or an equitable estoppel affecting the real and substantial merits of the matter in controversy and has an opportunity to plead it, and the facts constituting a waiver or estoppel do not appear in the pleadings of the parties, he must specially plead it, and if he does not do so, evidence to prove it is not admissible over objection." (Citing numerous authority.)